Commonwealth v. Reynolds.

CASE 22—INDICTMENT—SEPTEMBER 26.

## Commonwealth v. Reynolds.

APPEAL FROM FLEMING CIRCUIT COURT.

1. PROHIBITORY LIQUOR LAWS.—The Legislature may prohibit the sale of whisky by druggists.
2. CONSTRUCTION OF STATUTE.—A statute will be construed according to the spirit and intent, and not the letter.
3. RIGHT OF DRUGGIST TO SELL LIQUOR.—Under a statute prohibiting the sale of liquor, which excepts from its provisions "a regular resident practicing physician, who, in good faith, prescribes liquor as a medicine to his patient," a druggist may in good faith furnish liquor upon the prescription of a physician without subjecting himself to the penalties of the statute.

COCHRAN & SON AND J. H. POWER FOR APPELLANT.

1. Both the letter and the spirit of the act prohibiting the sale of liquor in Fleming county prohibit druggists from selling even for medicinal purposes upon the prescription of a physician.
2. The Legislature has the power to restrict the right to sell liquor for medicinal purposes to a particular class of persons, and therefore may provide that physicians alone shall have that right. (Sarrls v. Commonwealth, 83 Ky., 327; Griffin v. Commonwealth, 7 Ky. Law Rep., 300; Intoxicating Liquor Cases, 37 Am. Rep., 284.)
3. The prohibitory statute in this case, by necessary implication, excludes

Commonwealth v. Reynolds.

the operation of the "Druggist Statute" of May 5, 1880. (Commonwealth v. Warren, 10 Ky. Law Rep., 490.)

WADSWORTH & SON AND G. A. CASSIDY FOR APPELLEE.

No brief in record.

JAMES H. SALLEE, ON SAME SIDE, FILED PETITION FOR REHEARING.

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

The appellee, John J. Reynolds, was indicted in the Fleming Circuit Court, under an act of the Legislature, entitled "An act to prohibit the sale of vinous, spirituous and malt liquors in Fleming county," with certain penalties annexed, &c. The sale of the whisky is conceded, and the defense maintained on the ground that at the time the defendant was a pharmacist and druggist, residing in Flemingsburg, and sold the pint of whisky on the prescription of a regular practicing physician, to be used as a medicine by the wife of one Hall, who was then sick in bed, and required the liquor as a medicine. It was sold in good faith, and with no purpose to violate the law. Such are the facts of the case. A verdict having been rendered for the appellee, the Commonwealth is prosecuting this appeal, insisting that a *bona fide* druggist, under the provisions of this special act, has no right to sell whisky as a medicine on the prescription of a regular practicing physician. On the other hand, it is argued that if such is the construction to be given the act, it is unconstitutional.

We deem it unnecessary to discuss the constitutional question, as the Legislature may as well prohibit the sale of whisky by a druggist as by a grocer or merchant; but the important inquiry arises, is the prohibition of such a sale within the spirit and meaning of

the act in question? If we follow the letter of the act, this question might be answered in the affirmative; but, when looking to the legislative intent, there is but little difficulty in determining the point raised. That which is within the letter of a statute, but not within the intention of the law-maker, should be excluded, when we come to construe the law.

We have a statute prohibiting any one from selling or giving vinous or spirituous liquors to an infant, and imposing a penalty for its violation. It will not be contended that the giving of wine to an infant for sacramental purposes, or by a physician as a medicine, when done in good faith, would be a violation of that statute, or that such was the legislative intent.

The special act under consideration makes it *unlawful for any person or persons to sell, barter, give, loan or traffic in spirituous, vinous or malt liquors, in any quantity, within the county of Fleming, with certain exceptions.*

One of the exceptions applies to a regular resident practicing physician, who, in good faith, prescribes the same as a medicine to his patient. It was intended, by the plain meaning of the act, that liquor should be furnished as a medicine under the prescription of the physician; and whether filled by the druggist or by the physician, is immaterial.

The physician prescribes the medicine to be used, and the druggist fills the prescription. Under the construction contended for by the Commonwealth, the physician must not only prescribe the medicine, but must furnish it to the patient. If he had gone to the druggist and called for the whisky, the husband of the

invalid woman paying for it, it could still be argued that it was a sale to the husband, and not to the physician; that the physician must pay the druggist, and the patient pay the physician. The latter has the right to purchase it as a medicine, and when making a prescription and requiring the patient to pay for the liquor, it is, in effect, its use by the physician. It comes within the legislative meaning, and the abuse of this right by physicians who act in bad faith, and aid in evading the law, affords no argument for imposing the penalty in a case like this.

If there had been no exception in the act as to the use of wine for sacramental purposes, it will not be insisted that the minister of the gospel, who pours out the wine, could be indicted and punished for giving it to the members of his church. The settled policy of the State, in the effort to control the liquor traffic, has been to confine the sale in small quantities to druggists and physicians, to be used as a medicine; and the spirit and intent of this statute does not authorize a court to subject the druggist, who acts in good faith, to the penalties of the law.

Judgment affirmed.

———

To a petition for rehearing filed by counsel for appellant, Judge Pryor delivered the response of the Court, December 5, 1889:

We can only say, in response to the petition for a rehearing, that this court, since the opinion was delivered, has followed the construction given the

statute, in a similar case, from the Rowan circuit.*   It is not held that a druggist may sell without the prescription of a physician ; but it is adjudged that where the druggist fills the prescription in good faith, made by a regular practicing physician, he ought not to be subjected to the penalty of the statute.

Petition overruled.

---

CASE 23—FORFEITED  BAIL  BOND—OCTOBER 1.

---

* Parker v. Commonwealth, MS. Opinion, filed October 29, 1889.