CASE 53—PETITION ORDINARY—APRIL 25.

# Commonwealth v. Grand Central Building and Loan Association, &c.

APPEAL FROM FRANKLIN CIRCUIT COURT.

1. THE JURISDICTION OF A PENAL ACTION IN THE NAME OF THE COMMONWEALTH against a corporation to recover the penalty prescribed for doing business in this State without complying with the provisions of sec. 571 of the Kentucky statutes, is in the circuit court of the county in which the offense is committed. Therefore, the Franklin Circuit Court has no jurisdiction of such an action, unless the offense was committed in Franklin county.

2. A PENAL ACTION of this kind the jurisdiction of which is not in the Franklin Circuit Court must be brought by the Commonwealth's Attorney for the district in which it is instituted. But the fact that this action was brought by the attorney-general would not affect the jurisdiction or invalidate the petition if it had been brought in the proper court.

3. JURISDICTION OF FRANKLIN CIRCUIT COURT.—Sec. 976 of the Kentucky statutes which makes the Franklin Circuit Court the fiscal court of the Commonwealth does not confer any jurisdiction on that court to try prosecutions for violations of the criminal or penal code of the State. Such having been the uniform construction and practice for more than forty years under a former statute of which this provision is almost a literal copy, the legislature must be presumed not to have contemplated any change.

WM. J. HENDRICK, ATTORNEY-GENERAL, FOR APPELLANT.

The attorney-general is the officer that the Legislature intended should institute these suits, and the Franklin Circuit Court the court to which it intended to give jurisdiction. (Const. of Ky., title, "Judiciary;" Ky. Stats., secs. 113, 114, 115, 116, 117, 118. 119, 569, 570, 571, 577, 586, 616, 594, 608, 615, 616, 621, 661, 677, 704, 729. 739, 753, 754, 793, 795, 796, 797, 798, 819, 820, 828, 830, 852, 873, 874, 875, 876, 966, 976.)

B. G. WILLIAMS AND SWINFORD & EVANS FOR APPELLEE LONG.

1. It was not one of the duties of the attorney-general to institute this suit. (Ky. Stats., secs. 113-118.)
2. The Franklin Circuit Court had no jurisdiction of the alleged offense. (Ky. Stats., secs. 656, 976, 113; Criminal Code, sec. 18; Civil Code, sec. 63.)
3. The court had no jurisdiction of the person of defendant. The summons was served in Harrison county.

JUDGE GRACE DELIVERED THE OPINION OF THE COURT.

The question presented in this case is one of jurisdiction of the Franklin Circuit Court, arising upon a petition filed therein in the name of the Commonwealth of Kentucky, by the attorney-general, against the Grand Central Building and Loan Association, alleging that the defendant is a corporation located and carrying on business as such in Campbell county, and that it has failed and neglected to file with the Secretary of State, at Frankfort, statement giving the location of its office in this State, and the name of any officers thereat on whom process may be served. Wherefore plaintiff prays judgment for the penalty imposed by the statute in such cases, of from one hundred to one thousand dollars. This penalty is given in such cases by sec. 571 of the Kentucky statutes, under the chapter on corporations, article 1, entitled General Provisions.

This section does not declare any special jurisdiction for the recovery of this penalty, nor that the suit shall be prosecuted by the attorney-general.

It is true that under this chapter on corporations, wherein are named all those generally doing business in the State, such as railroads, insurance companies, building and loan associations, and quite a number of others, various duties are devolved on the attorney-general in connection with same, as the examination of their charters and consultations with the secretary of State, railroad commission, in-

surance commissioner and other officers. And while in quite a number of these cases special jurisdiction, either exclusive or concurrent with the several circuit courts in the State, is given to the Franklin Circuit Court, wherein suits may be prosecuted for many violations of this chapter on corporations, and while many of the penalties are declared recoverable in the Franklin Circuit Court, and on suits prosecuted by the attorney-general, yet in this particular statute, and for the recovery of this particular penalty, no special jurisdiction is named. So we take it that this question is to be determined by the general laws in force in Kentucky in reference to the recovery of such penalties, and this may be done either by indictment, or by action, as in this case, in the name of the Commonwealth of Kentucky.

The circuit courts are the courts of general criminal jurisdiction, and by sec. 18 of the Criminal Code it is provided: "The local jurisdiction of circuit courts and of justices' courts shall be of all offenses committed within the respective counties in which they are held." This we take to mean whether the offense is prosecuted by indictment, or as in this case by penal action.

Again, by sec. 11 of the Criminal Code it is provided: "A public offense of which the only punishment is by a fine (as in this case), may be prosecuted by a penal action, in the name of the Commonwealth of Kentucky, or in the name of an individual or corporation, if the whole fine be given to such individual or corporation. The proceedings in penal actions are regulated by the Code of Practice in civil actions."

By turning to the Civil Code we find sec. 63 provides: "Actions must be brought in the county where the cause of action, or some part thereof, arose—1. For the

recovery of a fine, penalty or forfeiture imposed by statute."
So that whether we look to the provisions of the Code
in procedure by indictment, or by penal prosecution, we find
that the county where the offense was committed deter-
mines the jurisdiction of the court to try the case.

Neither do we find it to be the duty of the attorney-gen-
eral to file this suit. As before stated this duty is not im-
posed on him by this special statute. And when we turn to
the Kentucky Statutes prescribing the duties of both the
attorney-general and the Commonwealth's attorney we find
sec. 113, under head of attorney-general: "He shall
attend in behalf of the Commonwealth to all cases and pro-
ceedings in which she may be interested, except where it is
made the duty of the Commonwealth's attorney or the
county attorney to represent the Commonwealth." . . .
And by sec. 118, under head of Commonwealth's attorneys,
we find: "It shall be the duty of the Commonwealth's
attorney to attend each circuit court holden in his district,
and prosecute all violations of the criminal and penal laws
therein, and shall also, except in Franklin county, attend
to all civil cases and proceedings in the courts of his dis-
trict in which the Commonwealth is interested."

Thus we assert at the conclusion that a penal prosecution
of this kind, the jurisdiction of which is in Campbell coun-
ty, must have been brought by the Commonwealth's at-
torney for that district.

This question, however, does not affect the question of
the jurisdiction of the proper court, nor would it invalidate
a good petition.

We are referred by the attorney-general to sec. 976 of
the Kentucky statutes. This section provides: "The Frank-
lin Circuit Court shall have jurisdiction in behalf of the
Commonwealth of all causes, suits and motions against the

Commonwealth v. Grand Central Building and Loan Association, &c.

clerks of courts, collectors of public money, and all public debtors and defaulters, or others claiming under them, and for this purpose its jurisdiction shall be co-extensive with the State."

This provision is almost a literal copy of the former statute under the old constitution in force in Kentucky for more than forty years, which statute has been commonly referred to as the "Fiscal Statute," and the Franklin Circuit Court as the "Fiscal Court" of the State. But it had never been the practice under that statute, and by reason of same, to claim that it conferred any jurisdiction on that court to try criminal or penal prosecutions, for violations of the criminal or penal code of the State, whether by indictment or by penal action. The legislature must be presumed to have had knowledge of this uniform construction and practice under the former statute, and not to have contemplated any change by its re-enactment.

It may be further said that jurisdiction under general statutes should not be ousted by implication only. Of course there is no question as to place of the commission of the offense, Campbell county.

The judgment of the Franklin Circuit Court in sustaining a special demurrer to this petition was correct, and same is affirmed.