Jung Brewing Co. v. Commonwealth.

Case 49—PROSECUTION AGAINST THE JUNG BREWING Co. FOR FAILING TO PLACE THE WORD "INCORPORATED" UNDER ITS NAME ON ITS ADVERTISING AND PRINTED MATTER SEPT., 28.

## Jung Brewing Co. v. Commonwealth.

Appeal from Boyle Circuit Court.

W. C.BELL, Circuit Judge.

Defendant convicted and appeals.   Reversed.

Corporations—Advertising matter—Failure to print word "incorporated" on labels—Under Kentucky Statutes, section 576, requiring all corporations doing business in this State, with certain exceptions, to have under its name upon all "printed or advertising matter used by it, the word 'incorporated' in letters sufficiently large to be easily read," corporations are not required to place the word "incorporated" under their corporate name printed on the labels of goods which it manufactures and sells.   Labels are not advertising matter within the meaning of the statute.

CHAS. H. RODES and C. R. McDOWELL for appellant.

1.  A Statute will not be so construed as to create an absurdity.
2.  Words in a statute are to be construed in connection with the words with which they stand associated—Noscitur a Sociis.
3.  A corporation can only act by and through an agent and therefore the agent cannot be made to testify against the corporation any more than against himself.

4. When the language of a statute leads to hardships or injustice not intended by the legislature, a construction will be put upon it which modifies the meaning of the words—Eudlich on Interpretation of Statutes sec. 295; cr. code sec. 124; Ky. Statutes sec. 567; 4 Ky. Law Rep. 369; State v. McGary, 21 Wis. 496; Eyuitable Life Assurance Co. v. Commonwealth, 23 Ky. Law Rep. 2359; L. & N. R. R. Co. v. Commonwealth, 23 Ry. Law Rep. 1900; Gordon v. Winchester Building & Loan Association 12 Bush. 110; sec. 3 Bill of Rights.

N. B. HAYS, Atty. Gen'l. and CHAS. H. MORRIS for appellee.

1. The object of sec. 576, Ky. statutes, was to enable the public, or those, at least dealing with a corporation, to know whether or not it was a corporation.
2. The statute requires the word "incorporated" to appear upon all printed matter or advertising matter. It is not limited to advertising matter.
3. The penalty is against the corporation and not against the agent, and so the agent or servant can be compelled to testify in a prosecution against his master.

OPINION BY JUDGE BARKER—Reversing.

The appellant the Jung Brewing Company, a corporation doing business in this State, was indicted by the grand jury of Boyle county, charged with a violation of section 576 of the Kentucky Statutes of 1903, which requires all (except certain named) corporations to place the word "incorporated" under the corporate name on all their advertising and printed matter. A trial resulted in a verdict against the appellant for the sum of $100

The evidence shows that the labels on the beer bottles of appellant, as well as the labels on the boxes containing them, although bearing the name of the Jung Brewing Company, did not have the word "incorporated" printed thereunder, and this was all of the evidence introduced by the Commonwealth upon the trial. Section 576 of the Kentucky Statutes, of 1903 is as follows: "Every corporation organized under the laws of this State, and every corporation doing business in this State, shall, in a conspicuous

place, on its principal place or places of business, in letters sufficiently large to be easily read, have painted or printed the corporate name of such corporation, and immediately under the same, in like manner, shall be printed or painted the word 'Incorporated.' And immediately under the name of such corporation, upon all printed or advertising matter used by such corporation, except railroad companies, banks, trust companies, insurance companies and building and loan associations, shall appear in letters sufficiently large to be easily read, the word 'Incorporated.' Any corporation which shall fail or refuse to comply with the provisions of this section shall be subject to a fine of not less than one hundred dollars and not more than five hundred dollars.''

We are of opinion that this statute does not require corporations to place the word ''incorporated'' under the corporate name printed on the label of goods which it manufactures and sells. The object of the statute is to inform the public whether or not the commercial or manufacturing concern with which it is doing business is a corporation or not; and it would be going very far beyond the necessity or intention of the statute to require the word ''incorporated'' to be placed upon all of the labels on the goods or merchandise manufacturered and sold by the corporation. Every benefit intended by the statute is effectuated by limiting the expression ''printed or advertising matter'' to billheads or advertisements in the newspapers, and other similar matter. The Legislature clearly did not intend to place so useless a burden upon the business done in the State by corporations as would be entailed by construing the expression ''printed or advertising matter'' as was done in this case. This, as all other statutes, should be given a reasonable construction, so that in spirit the purpose of the Legislature shall be effectuated; but to construe it so as to require each article of merchandise bearing a label with the corporate name on it to also

have the word "incorporated" thereon, would be to make what was intended as a useful and beneficial statute unduly harsh and oppressive. Such construction is never indulged in by the courts unless pressed thereto by the very rigor of the legislative language; and to this we are not forced by the words of the statute under consideration. Primarily, the object of labeling goods or merchandise is to tell what it is, or, as in the case at bar, also to enable the consumer to know where to return the empty bottles. In a qualified sense, these labels are used for advertising purposes, and frequently contain words of commendation as to the quality of the articles upon which they are placed; but they are not advertising matter within the meaning of the statute. No good purpose could be subserved by requiring the label of each article of merchandise, however infinitesimal, as, say, the wrapper on a piece of tolu, to bear the word "incorporated" under the name of the manufacturer. The large fine provided in the statute for each offense precludes the idea that its meaning should be extended beyond the point where advertising is the primary object.

The court should have sustained the demurrer to the indictment in this case, and having failed to do this, at the close of the Commonwealth's testimony, should have sustained defendant's motion for a peremptory instruction to find it not guilty.

The judgment is reversed, with instructions to sustain the demurrer, and dismiss the indictment.