Commonwealth v. American Snuff Co.

CASE 41.—ACTION BY THE COMMONWEALTH OF KEN-
TUCKY AGAINST THE AMERICAN SNUFF COM-
PANY TO RECOVER A PENALTY.—April 17.

# Commonwealth v. American Snuff Co.

Appeal from Todd Circuit Court.

W. P. SANDIDGE, Circuit Judge.

Judgment for defendant. Plaintiff appeals.
Reversed.

Corporations—Corporate Name on Sign—Statutory Provisions—
Ky. St., 1903, section 576, provides that every corporation
doing business in the state shall print or paint upon its
principal place of business its corporate name, and imme-
diately thereunder the word "Incorporated." Defendant
painted upon its place of business its corporate name, and
immediately following it painted the letters "Inc." Held,
not a compliance with the statute.

N. B. HAYS, Atty. Genl., C. H. MORRIS and MORRIS &
SOUTH for appellant.

HUNTER, WOOD & SON, for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Reversing.

This is a penal action instituted by the common-
wealth by virtue of section 11 of the Criminal Code,
for the collection of a penalty prescribed in section
576 of the Kentucky Statutes of 1903, which reads
as follows: "Every corporation organized under the
laws of this State, and every corporation doing busi-
ness in this State, shall, in a conspicuous place, on

its principal place or places of business, in letters sufficiently large to be easily read, have painted or printed the corporate name of such corporation, and immediately under the same, in like manner, shall be printed or painted the word 'Incorporated.' And immediately under the name of such corporation, upon all printed, or advertising matter used by such corporation, except railroad companies, banks, trust companies, insurance companies and building and loan associations, shall appear in letters sufficiently large to be easily read, the word 'Incorporated.' Any corporation which shall fail or refuse to comply with the provisions of this section shall be subject to a fine of not less than one hundred dollars and not more than five hundred dollars.'' It is alleged in the petition, among other things, that ''heretofore, within one year before the filing of this statement, in the county of Todd and state of Kentucky, while engaged in its business of buying, receiving, and handling tobacco at Elkton, Ky., where it had one of its principal places of business, the said defendant, American Snuff Company, did unlawfully fail and refuse to cause to appear in a conspicuous place on its principal place of business, in letters sufficiently large to be easily read, by painting or printing, the corporate name of the said corporation, and did likewise unlawfully and willfully fail and refuse to cause to be printed or painted as aforesaid, immediately under the name of the said corporation, or at all, the word 'Incorporated,' all of which was done as aforesaid contrary to and in violation of law, and against the peace and dignity of commonwealth of Kentucky.'' Appellee filed an answer denying that it was guilty of the offense charged in the petition; and subsequently filed an amended answer, again denying that

it was guilty as charged and alleged, on the contrary, that it "did during the 12 months immediately preceding the filing of the petition in this case, in a conspicuous place, on its only place of business in Elkton, Ky., in letters sufficiently large to be easily read, have painted its corporate name, and immediately following same, in like manner, have painted the letters 'Inc.;' that said letters 'Inc.' constitute an abbreviation of the word 'Incorporated,' that is well understood to be and in common use by the public as an abbreviation of said word 'Incorporated,' and to stand for the word 'Incorporated;' that said abbreviation of 'Inc.' was at the time offense was charged to have been committed and is now well understood by the masses of men to stand for and to mean 'Incorporated;' that the one object of the statute is to inform the public whether or not the commercial or manufacturing concern with which it is doing business is a corporation or not, and defendant says the object of the law has been accomplished by its having painted the letters 'Inc.' on its place of business folfowing its corporate name, as hereinbefore set out, and that it has fully complied with the statute law of the State on this subject, and is not guilty as charged in plaintiff's petition." A demurrer was filed to this answer by the commonwealth's attorney, the court overruled it, and appellant's petition, it failing to plead further, was dismissed, and the commonwealth appeals.

The only question involved upon this appeal is whether or not the answer, assuming the truth of the facts therein alleged, constituted a good defense. We have not been cited to, nor have we been able to find, any authority directly upon the question. The purpose of the statute is to give notice to persons

dealing with incorporated companies of the fact that they are incorporated. It is well known that the individual property of the stockholder of a corporation is not liable for the corporate debts; the corporate property only being liable. Persons dealing with the managers of a corporation (not knowing that it was a corporation) might give credit, believing that the managers were individually liable, when, if they had known the truth, they would not have extended the credit. So it was for the purpose of protecting the public that this statute was enacted; and the General Assembly by this statute enacted the particular way and manner in which this notice should be given; i. e., by having "painted or printed the corporate name of such corporation and immediately under the same, in like manner, shall be printed or painted the word 'Incorporated' "—and that the letters should be sufficiently large to be easily read. The word "Incorporated" is used twice in the same section. It is certain that the General Assembly intended that the notice of its corporate existence should be given in the manner prescribed. The appellee contends that "Inc." is an abbreviation of the word "Incorporated;" that it is well understood, and is in common use by the public as an abbreviation of that word, and is well understood by the masses of the people to stand for and to mean "Incorporated." It cannot be inferred from anything in the statute that the Legislature intended that an abbreviation would suffice for the word "Incorporated;" but, on the contrary, it clearly appears that its intention in enacting the statute was to give all persons dealing with the corporation, or at least all persons who can read, notice of the corporate existence; not leaving the public to guess at what the letters "Inc."

mean. We have not been referred to, nor have we been able to find, any authority showing that "Inc." is an abbreviation of the word "Incorporated" (except the Standard Dictionary, which abbreviates it, "Inc., Incor., and Incorp."). It is true that in the answer it is alleged to be an abbreviation, and so understood by the masses of men. But this is an admission that there are some men, or a portion of the public, who do not so understand it. The "masses of men" means the principal or main body.

When the General Assembly has said by law that a thing shall be done in a particular way or manner, we are constrained to hold that the statute should be complied with in that way or manner, or at least in such a way that there can be no doubt that the intention and purpose of the statute has been completely fulfilled. We are of the opinion that the facts alleged in the answer of appellee do not meet the requirement of the statute.

For these reasons, the judgment of the lower court is reversed, and remanded for further proceedings consistent herewith.

Petition for rehearing by appellee overruled.