CASE 22.—SEPARATE PROSECUTIONS AGAINST THE REMINGTON TYPE-WRITER CO., THE WINDISCH-MUHLHAUSER BREWING CO., THE LEXINGTON BREWING CO., AND THE SINGER SEWING MACHINE CO. TO RECOVER A PENALTY FOR FAILING TO USE THE WORD "INCORPORATED" ON ITS ADVERTISING MATTER.—November 22.

| 127 | 177 |
| 128 | 146 |
| 128 | 193 |

## Comth. v. Remington Type-writer Co.
## Same v. Windisch-Muhlhauser Brewing Co.
## Same v. Lexington Brewing Co.
## Same v. Singer Sewing Machine Co.

Appeal from Boyle Circuit Court.

W. C. BELL, Circuit Judge.

From a judgment sustaining special and general demurrer to the petition the Commonwealth appeals—Affirmed on the special demurrer to the jurisdiction of the court.

1. Incorporations—Criminal Prosecutions—Venue.—Ky. Stats., 1903, section 576, declares that every corporation, except a railroad and others named, shall place immediately under its name on all printed or advertising matter used by the corporation the word "Incorporated," and that for failure to do so shall be fined as therein prescribed. Civil Code Prac., section 63, requires an action for the recovery of a fine to be brought in the county where the cause of action arose. Ky. Stats., 1903, section 571, requires all corporations, domestic and foreign, to have at least one known place of business

vol. 127—12

in the State and an agent thereat on whom process can be served. Held, That a prosecution for a violation of section 576 must be brought in that county in which the corporation had its principal office or place of business, or an agent designated by it for the service of process, without regard to the county in which the printing or advertising may have been circulated or distributed.

2. Constitutional Law—Equal Protection of Laws.—Ky. Stats., 1903, section 576, declaring that every corporation, with certain exceptions, shall place immediately under its name on all printed or advertising matter the word "Incorporated," and that, on failure to do so, shall be fined, is not because of the exemption of those classes of corporations discriminatory, unequal, or partial legislation within the Constitution of the State or the United States; it affecting all similarly situated.

N. B. HAYS, Attorney General, C. H. MORRIS, CHAS. A. HARDIN and WM. J. PRICE for the Commonwealth.

### JURISDICTION.

The appellees contend that if any offense was committed by any one of them it was not committed in Boyle county, but in the county where the designated agent upon whom process might be served, was at the time located. We do not accept this view of the case.

### AUTHORITIES CITED.

Standard Oil Co. v. Comth., 23 Ky. Law Rep., 302; Jung Brewing Co. v. Comth., 29 Ky. Law Rep., 821; American Snuff Co. v. Comth., 30 Ky. Law Rep., 1373; Comth. v. F. W. Cook Brewing Co. (September, 1907). (

CHARLES H. RHODES, JOHN W. RAWLINGS, C. R. McDOWELL and THOS. P. CAROTHERS for appellees.

1. This case should be affirmed because the Boyle Circuit Court had no jurisdiction of the appellee. The cause of action, if any, having arisen in Jefferson county, where the matter complained of was first circulated.

2. It should be affirmed because the statute under considera-

Commonwealth v. Remington Type-writer Co.

tion is a violation of the Bill of Rights and the Fourteenth Amendment of the Constitution of the United States.

3. It should be affirmed because said section of the statute (Ky. Stats., section 596) discriminates and does not afford equal protection and equal privileges to all parties alike.

### AUTHORITIES CITED.

Criminal Code, sections 11 and 18; Civil Code, section 63; Comth. v. Grand Central Building & Loan Association, 97 Ky., 325; Shelby Tube Co. v. Bingham Gun Co., 40 N. Y. Supp., 871-873; Bill of Rights of Constitution of Kentucky; Fourteenth Amendment of the Constitution of the United States; Bliss v. Chicago, Milwaukee & St. Paul Ry. Co., 64 Am. St. Rep., 484; State of Mo. ex rel. John C. Wyatt v. Thomas R. Ashbrook, 48 L. R. A., 265; Magoun v. Ill. Trust & Savings Bank, 170 U. S. 42 L. Ed., 1036; Gulf, Colorado & Sante Fe Ry. Co. v. W. H. Ellis, by, etc., 165 U. S. and 41 L. Ed. 670; Yick Wo v. Hopkins, 118 U. S., 365-369 (30:220-226); Thomas Connelly et al. v. Union Sewer Pipe Co., 184 U. S. 46 L. Ed., 679; Ex parte Comth. of Va., 100 U. S. 25 L. Ed., 679; Cotting v. Godard, 183 U. S. 46 L. Ed., 79; Ernest Blank v. People of State of Colorado, 65 L. R. A., 424; A. Ruhstrat v. The People of the State of Illinois, 49 L. R. A., 131; Richie v. People, 155 Ill., 98; Toledo, W. & W. R. Co. v. Jacksonville, 67 Ill., 16 Am. Rep., 611; State ex rel Galle v. New Orleans, 67 L. R. A., 771; Muglen v. Kansas, 153 U. S. 623, 31 L. Ed., 205; Gordon v. Winchester Building & Loan Association, 12 Bush, 110; Simpson v. Ky. Citizens' Building & Loan Association, 19 Ky. Law Rep., 1176.

OPINION OF THE COURT BY JUDGE CARROLL— Affirming.

The several appeals presenting the same questions of law will be disposed of together.

The appellees were proceeded against in the Boyle circuit court by separate penal actions brought under authority of section 11 of the Criminal Code of Practice to recover the penalty for a violation of section 576 of the Kentucky Statutes of 1903, reading that: "Every corporation organized under the laws of this

State, and every corporation doing business in this
State, shall in a conspicuous place on its place or
places of business, in letters sufficiently large to be
easily read, have painted or printed the corporate
name of such corporation, and immediately under the
same in like manner shall be printed or painted the
word 'Incorporated.' And immediately under the
name of such corporation upon all printed or adver-
tising matter used by such corporation, except rail-
road companies, banks, trust companies, insurance
companies, and building and loan associations, shall
appear in letters sufficiently large to be easily read the
word 'Incorporated.' Any corporation which shall
fail or refuse to comply with the provisions of this
section shall be subject to a fine of not less than one
hundred dollars nor more than five hundred dollars.''
The petition against the Remington Typewriter Com-
pany averred that it was a foreign corporation, with
its designated office and agent upon whom process
might be served located in Jefferson county, Ky.,
and was at the time set out in the petition doing busi-
ness in this State; that it had printed in a newspaper
published and circulated in Boyle county an adver-
tisement without using therein the word ''Incorpo-
rated.'' The petition against the Singer Sewing
Machine Company alleged that it was a foreign cor-
poration, with its designated office and agent upon
whom process might be served located in Jefferson
county, Ky., and having also a storeroom and place of
business and agents in Boyle county; that it printed
and circulated in Boyle county advertising matter in
the form of an almanac, styled ''The Singer Alma-
nac,'' but failed to use in connection with the adver-
tisement the word ''Incorporated.'' The petition
against the Windisch-Muhlhauser Brewing Company

alleged that it was a foreign corporation, with a designated office and agent upon whom process might be served located in Campbell county, Ky.; that it caused to be printed advertising matter on official time tables of the Queen & Crescent Railroads, which were circulated in Boyle county. The petition against the Lexington Brewing Company alleged that it was a domestic corporation, with its principal place of business in Lexington, Fayette county, Ky.; that it caused to be inserted in the Lexington Herald, printed at Lexington, Ky., but which circulated in Boyle county, advertising matter without using the word "Incorporated." The lower court in ruling upon special and general demurrers filed to the petitions dismissed them. The special demurrer was sustained upon the ground that the Boyle circuit court had no jurisdiction, and the general demurrer because the statute was unconstitutional. The only question before us is the correctness of this ruling.

It will be noticed that three of the appellees are foreign corporations doing business in this State who have designated in the manner provided in section 571 of the Kentucky Statutes of 1903 the location of their respective offices in this State, and the name of their agents thereat upon whom process may be served, and that the principal office and place of business of the domestic corporation is in Fayette county, Ky. With the exception of the Singer Sewing Machine Company, it is not charged that either of the other corporations had any place of business or agent in Boyle county. As to the machine company, it is averred that it had a storeroom and place of business and agents in Boyle county. In neither of the petitions is it alleged from what point the advertising matter was distributed, or what agent or agents pro-

cured the insertion of the advertisement or placed the advertising matter in circulation. We therefore assume that as to the foreign corporations the advertising matter was procured to be inserted and printed, and distributed or circulated, by the authority of the corporations acting through their principal agents in the State; that is, by and through their agents located at the places they had designated as their principal places of business in this State, which in the case of two of them was Jefferson county, and the other Campbell county. As to the domestic corporation, its advertisement was inserted in a newspaper published in the county of Fayette, in which it had its principal office and place of business. The provisions of the Civil Code of Parctice govern the service of process and venue of penal actions; section 51 providing that: "In an action against a private corporation a summons may be served in any county upon the defendant's chief officer or agent who may be found in this State, or it may be served in the county where the action is brought upon the defendant's chief officer or agent who may be found therein." And section 63 that "actions must be brought in the county where the cause of action or some part thereof arose   *   *   * for the recovery of a fine, penalty or forfeiture imposed by statute." Observing the requirements of section 51, summons against the sewing machine company and the typewriter company were executed upon their respective agents in Jefferson county, a summons against the Windisch-Muhlhauser Brewing Company upon its designated agent in Campbell county, and a summons against the Lexington Brewing Company upon its chief officer in Fayette county. In view of the fact that section 63, supra, fixes the venue of actions like these, the first question to be

determined is, in what county did the cause of action arise? as upon the solution of this depends in a large measure the question whether or not the Boyle circuit court had jurisdiction. If under section 576 of the statute the cause of action for its violation arises in any county in which any printed or advertising matter used by the corporation is circulated or distributed, the Boyle circuit court had jurisdiction, as would the circuit court of any other county in the State in which the advertising matter was used. In short, the contention of the Commonwealth is that if a domestic corporation having its office and principal place of business in this State, or a foreign corporation having an established place of business in this State, and an agent or officer thereat upon whom process may be served, inserts in a magazine, newspaper, or other medium for advertising published in or out of the State, it may be indicted or sued in any county in this State in which the magazine, newspaper or other instrumentality for advertising goes. Of course, the number of advertisements posted up or the number of papers circulated or magazines distributed in the county does not affect the question. The liability would be the same if one issue of the paper containing the advertisement happened to find its way into the county. We do not think this a fair or proper construction of the statute. All foreign and domestic corporations doing business in this State are required by section 571 of the Kentucky Statutes of 1903 to "at all times have one or more known places of business in this State, and an authorized agent or agents thereat upon whom process can be served; and it shall not be lawful for any corporation to carry on any business in this State until it shall have filed in the office of the Secretary of State

a statement signed by its president or secretary, giving the location of its office or offices in this State, and the name or names of its agent or agents thereat upon whom process can be served.'' The place so designated by the corporation is its home in this State, and whatever is done or omitted to be done by the corporation in violation of the statute in question may be traceable to the authority or direction of the persons in charge of its business at its home office. If it inserts and distributes or circulates advertising matter in the State, it may properly be chargeable to the same office.. The offense against the statute is committed at the place in this State where the authority or direction to use the illegal advertisement originated. That is where the cause of action arises, and that is the place where the prosecution should be instituted. It will be readily agreed that this principle is sound so far as domestic corporations are concerned; but it is argued that it will not do to apply it to foreign corporations, because it is said, although the foreign corporation may have an established office and place of business in this State, yet the advertising matter might be sent from its office in another State or from some other point than its principal office in this State, and hence the offense could not be deemed to arise in the county where its residence in this State was established, as it was not committed in that county or by the persons there in charge of its business, and that, in prosecutions in that county against the corporation for a violation of this statute, it could successfully make defense upon the ground that, under section 63 of the Civil Code of Practice, no part of the cause of complaint arose in that county. But such a plea or defense would not be available. Neither the foreign nor domestic cor-

poration will be heard to say that the cause of
action or any part of it did not arise in the county
where its principal place of business in this State
was situated, or in which it had a designated agent
for the service of process, or permitted to shield
itself from prosecution and punishment upon the
defense that the advertising matter complained of
was not furnished by or through or distributed from
or through the agency of such office. Nor will the
Commonwealth in a prosecution for violations of
this statute in such county be required to do more
than show that the advertising matter in violation
of the statute was distributed in that or in some other
county of the State. In prosecutions like these,
where the venue of the action is involved in some
doubt, the court must determine the point. Ingram
v. Turner, 51 S. W. 148, 21 Ky. Law Rep. 283. The
Legislature did not undertake to localize the offense
by declaring it would be committed at the place the
advertisement was used. The penalty is denounced
against the corporation that acts in violation of the
statute. It is said in argument that it is the "use"
of the illegal advertising matter that constitutes the
offense, and, if it is not "used," the statute is not
violated, and hence it follows that the jurisdiction
under the Code is in that county in which the adver-
tising is "used," as it is there the offense arises.
But the "use" in the meaning of the statute may
exist at the place in this State from which the adver-
tising is sent, or directed to be sent out; that is, at
its chief office or principal and designated place of
business. Indeed, at that point the chief offense is
committed, and, although it may be continued in
other places, the courts of the county where it origi-
nated may properly be given jurisdiction. The pur-

pose of the statute was, of course, to prevent the use by the corporation of the advertising matter without complying with the law, and, when it has a principal office in this State and a designated place of business, it is fair to assume that the illegal use originated there, and at that place it should be prosecuted. The nature of the "use" of advertising matter is necessarily transitory. There is nothing in or about it that can be said to give it a local situs or habitation. It is here today and there to-morrow. Now in one county, there in another, as the interests of the business may seem to demand. The offense against the statute is more certainly committed where its home office in this State is than in any county where a stray magazine or a fugitive newspaper might find its way, or other kind of advertising be used. In prosecutions for violations like this, it seems to us better for the interest of all parties concerned that the venue should be fixed in one county if it can with propriety be done, so that persons desiring to proceed against the corporation in default may know where to institute proceedings, and the corporation may know in what court it will be proceeded against. We doubt if the Commonwealth would contend that, if an advertisement in violation of the statute was inserted in a newspaper that circulated in every county in the State, prosecutions might be instituted and convictions had in each of the 119 counties. In other words, could not a conviction in one county be pleaded as a bar to the prosecutions in the others? It is not, however, necessary to further elaborate this view. If it should be entertained by the court in a case where it was presented, only one recovery could be had, and this it seems to us should be in the county where its

principal office or place of business in the State is located, or where its designated officer for service of process resides. Nor will the efficiency of the statute which subserves a useful purpose be impaired by this ruling.

A somewhat similar jurisdiction question came up in Commonwealth v. Grand Central Building & Loan Association, 97 Ky. 325, 17 Ky. Law Rep. 215, 30 S. W. 626. The building and loan association had its principal office and place of business in this State, in Campbell county, and was proceeded against by penal action in the Franklin circuit court for a violation of section 571 of the Kentucky Statutes of 1903; the offense charged being that it carried on business in this State without having filed in the office of the Secretary of State a statement signed by its president or secretary giving the location of its office or offices in this State, and the name or names of its agent or agents thereat upon whom process might be served. The court held that the offense was committed in Campbell county, and that the Franklin circuit court had no jurisdiction, although the acts constituting the violation consisted in failing to file the certificate in Franklin county.

The vigorous attack made on the validity of the law is rested upon the ground that it is unequal and partial legislation, in that it arbitrarily discriminates in favor of railroad companies, banks, trust companies, insurance companies, and building and loan associations by exempting these corporations from its provisions. We do not regard the statute open to the objection urged against it. It is competent for the Legislature to classify persons and things and deal separately with each class, subject to the limitation that the law is not oppressive or unreasonable.

In the exercise of this power, special and distinct laws have been enacted for the government of railroads, banks, trust companies, insurance companies, building and loan associations, and charitable corporations, and these acts are not objectionable because they deal with each class of corporations in a different manner from that followed with reference to other classes. The diverse business these and other classes of corporations are engaged in would make it impracticable to govern them by a general law, and so long as each is allowed the reasonable and free exercise of the powers granted to it, and is not burdened or harassed by legislation that is unreasonable, it cannot complain. No sound objection can be made to legislation of this character. As said in Cooley's Constitutional Limitations, page 554: "Laws public in their objects may, unless express constitutional provisions forbid, be either general or local in their application. They may embrace many subjects, or one, and they may extend to all citizens or be confined to particular classes, as minors, or married women, bankers or traders, or the like. The authority that legislates for the State at large must determine whether the particular rule shall extend to the whole State and all its citizens, or, on the other hand, to a subdivision of the State or a single class of its citizens only. These discriminations are made constantly, and the fact that the laws are of local or special operation only is not supposed to render them obnoxious in principle. The Legislature may also deem it desirable to prescribe peculiar rules for the several occupations, and to establish distinctions in the rights, obligations, duties, and capacities of citizens." The case of Connolly v. Union Sewer Pipe Co., 184 U. S. 540, 22 Sup. Ct. 431,

46 L. Ed. 679, relied on by counsel for appellees, does not conflict with the principle announced by Cooley or the views expressed in this opinion. The point disposed of by the court in that case was that the statute condemned discriminated against persons engaged in the same general occupation by denouncing acts of one of the class as criminal, while protecting and upholding the other. The Legislature may in its discretion direct its efforts to one class of citizens, or one business and leave untouched other persons and occupations, or it may impose varying duties or burdens upon separate classes of persons or pursuits, and, so long as they are not unreasonable, the persons singled out will not be heard to question the validity of the enactment merely because like burdens or duties were not required from all the people or all the occupations, professions, or pursuits. Tested by these general rules, the law in question is neither arbitrary, oppressive, nor unreasonable. The duty imposed is simple, inexpensive, and easily performed. Legislation of this character is so common, and is exercised in so many various ways, and operates so differently, that it would be unprofitable to point out the numerous instances of its application found in the statutes and approved by the court. In laws of this character there is really no discrimination for or against any individual or corporation, but persons and corporations engaged in the same occupations, for purposes of public policy and the better protection of the people, are dealt with as a class. It must be apparent to every one that a set of laws intended to control and regulate the banking business would be entirely inapplicable to a corporation engaged in manufacturing typewriters; and an act authorizing persons to form a corporation to sell

sewing machines would be totally inadequate for the
formation of insurance companies or railroads.
These illustrations sufficiently show the necessity for
legislating differently for corporations engaged in
diverse enterprises classifying each corporation
separately, and we do not understand that any court
has held that this within reasonable limitations may
not be done. State v. Mitchell, 97 Me. 66, 53 Atl. 887,
94 Am. St. Rep. 481.

A large part of the commercial and manufacturing
business of the country is transacted by corporations,
acting through their agents, and the purpose of the
statute was to inform the public generally as well as
individuals whether or not the concern they were
dealing with was a person, partnership, or corpora-
tion, so that they might know what property they
could look to for the collection of debts or the en-
forcement of contract rights. In corporations the
individual property of the stockholders is not liable
for the corporate debts, and in many instances the
corporations themselves are not only irresponsible,
but insolvent, and motives of public policy induced
the enactment of this law, intended for the protection
of the people of the State. Jung Brewing Co. v.
Commonwealth, 123 Ky. 389, 507, 96 S. W. 476, 29 Ky.
Law Rep. 821; Commonwealth v. American Snuff
Co., 125 Ky. 350, 101 S. W. 364, 30 Ky. Law Rep. 1373.
In line with these reasons, notes, taken by peddlers
must be indorsed "Peddlers' notes," and in Bohon's
Assignee v. Brown, 101 Ky. 354, 357, 41 S. W. 273,
19 Ky. Law Rep. 540, 38 L. R. A. 503, 72 Am. St.
Rep. 420, this court said: "The right to prescribe
regulations for the protection of its citizens against
fraud and imposition is not taken from the State by
the federal Constitution, or by any national statute;

on the contrary, it may be considered as having been
authoritatively settled that the national government
cannot exercise police powers for the protection of
the inhabitants of a state." Supporting this position
are cited numerous cases. In Schoolcraft's Adm'r
v. L. & N. R. Co., 92 Ky. 233, 17 S. W. 567. 13 Ky.
Law Rep. 517, in considering the rights of repre-
sentatives of a person not in the employment of the
railroad company to recover punitive damages where
his death was caused by the wilful neglect of the
corporation, the court, in answer to the argument
that it was discriminatory and unequal legislation,
said: "Such a statute affects all similarly situated.
It imposes the same burden upon all in a like busi-
ness, and therefore affords equal protection. While
in a broad sense of the term it is special legislation,
yet it is not of such a character as to fall within the
constitutional inhibition." The propriety of exempt-
ing banks, railroads, trust companies, insurance com-
panies, and building and loan associations from the
operation of this law might also be safely placed on
the ground that the business these corporations are
engaged in cannot be conducted except by corpora-
tions. An individual or partnership cannot under
the statute establish or operate a railroad, bank,
trust company, insurance company, or building and
loan association. Every person who deals with them
knows they are corporations, and hence there is no
necessity or reason why they should be required to
place upon advertising matter notice of this kind.
The protection of the public or persons dealing with
them does not make it important that this should be
done. But a dry goods store, grocery, hardware
establishment, or any other lawful business—except-
ing those heretofore mentioned—may be carried on

by an individual, partnership, or corporation. The classification and exemption mentioned in the statute is not discriminatory, unequal, or partial legislation in the meaning of the Constitution of the State or the United States, but prosecutions under it must be in that county in which the corporation has its principal office or place of business in this State or in that county where it has an officer or agent designated by it for the service of process.

The ruling of the lower court in sustaining the demurrer to the jurisdiction was correct, and the judgment in each case is affirmed.