CASE 17.—P R O S E C U T I O N  BY .THE  COMMONWEALTH AGAINST THE MECHANICS & FARMERS SAVINGS BANK FOR FAILING TO HAVE PRINTED ON ITS PLACE OF BUSINESS THE WORD "INCORPORATED."—February 18.

## Mechanics & Farmers Sav. Bank
## v. Commonwealth

Appeal from McCracken Circuit Court.

W. M. REED, Circuit Judge.

Defendant convicted and appeals—Reversed.

Corporations—Name of Place of Business—Corporations Excepted. —The act relating to corporations (Acts 1891-92-93, p. 627, c. 171, section 39), required all corporations to have "incorporated" placed on their places of business, and also on all printed and advertising matter used. The act, as amended by Ky. St. 1903, section 576 (Acts 1891-92-93, p. 1259, c. 243), provides that every corporation shall on its principal place or places of business have printed or painted its name.

and thereunder the word " 'Incorporated.' And immediately
under the name" on all printed or advertising matter "used
by such corporation, except railroad * * * trust * * *
insurance companies, banks, and building, and loan associa-
tions shall appear" the word "Incorporated." In the original
act there was a semicolon between the words "Incorporated"
and "and," instead of a period, as used in section 576. Held,
under the rules that in construing a statute the legislative
intent must be considered, and Ky. St., 1903, section
459, requiring statutes to be construed to effect the legis-
lative intent, the Legislature intended to exempt railroad,
trust, and insurance companies, banks and buildings and
loan associations, from the operation of the entire section
576, and not merely from the requirement as to printed and
advertising matter; the error in punctuating the section
with a period, instead of a semicolon, not changing the
legislative intent.

Nunn, J., dissenting.

BRADSHAW & BRADSHAW for appellant.

JAMES BREATHITT, Attorney General, TOM B. McGREGOR,
CHAS. H. MORRIS, JOHN LOVETT and A. W. BARKLEY for
Commonwealth.

Opinion of the Court by Judge Carroll—Revers-
ing.

This appeal is prosecuted from a judgment con-
victing the appellant of failing to have printed on
its place of business the word "Incorporated." The
indictment was found under section 576 of the Ken-
tucky Statutes of 1903, reading as follows: "Every
corporation organized under the laws of this State,
and every corporation doing business in this State,
shall, in a conspicuous place on its principal place
or places of business, in letters sufficiently large to
be easily read, have painted or printed the corporate
name of such corporation, and immediately under
the same in like manner shall be printed or painted
the word 'Incorporated.' And immediately under

the name of such corporation upon all printed or advertising matter used by such corporation, except railroad companies, trust companies, insurance companies, banks, and building and loan associations, shall appear in letters sufficiently large to be easily read, the word 'Incorporated.' Any corporation which shall fail or refuse to comply with the provisions of this section shall be subject to a fine of not less than one hundred nor more than five hundred dollars.'' It is the contention of appellant that the exception of railroad companies, banks, trust companies, insurance companies, and building and loan associations applies to the entire section, and is not confined to that part of the section that relates to advertising matter. For appellee the argument is made that as the section is divided into two sentences, and the exception is contained in the second sentence, it relates exclusively to the matter contained in that sentence, and only excepts the corporations mentioned from the obligation of using upon printed or advertising matter the word "Incorporated;" that no corporations are excepted from the operation of the first sentence of the section.

It is a familiar rule in the construction of statutes that the intention of the lawmaking department in its enactment must be considered, and that the courts must look beyond the letter of the statute to ascertain its purpose. Brown v. Thompson, 14 Bush, 538, 29 Am. Rep. 416; Commonwealth v. Reynolds, 89 Ky. 147, 11 Ky. Law Rep. 445, 12 S. W. 132, 20 S. W. 167; Commonwealth's v. Davis, 12 Bush, 240; Sams v Sams' Adm'r, 85 Ky. 396, 3 S. W. 593. Applying these rules of construction—which are fully supported by section 459 of the Kentucky Statutes of 1903, providing, in part, that "all statutes shall be

construed with a view to carry out the intention of the Legislature''—to the statute before us, our conclusion is that it was the legislative intent, although not accurately expressed, to exempt railroad companies, banks, trust companies, insurance companies, and building and loan associations from the operation of the statute, as the purpose of the statute was. as said by this court, ''to inform the public generally, as well as individually, whether or not the concern they were dealing with was a person, partnership, or corporation, so that they might know what property to look to for the collection of debts or the enforcement of contract rights. In corporations the individual property of the stockholders is not liable for the corporate debts, and in many instances the corporations themselves are not only irresponsible, but insolvent, and motives of public policy induced the enactment of this law, intended for the protection of the people of the State. Jung Brewing Co. v. Commonwealth, 123 Ky. 389, 96 S. W. 476, 29 Ky. Law Rep. 821; Commonwealth v. American Snuff Co., 125 Ky. 350, 101 S. W. 364, 30 Ky. Law Rep. 1373; Commonwealth v. Remington Typewriter Co.; 127 Ky. 177, 105 S. W. 399, 32 Ky. Law Rep. 189.'' And as railroad companies, banks, trust companies, insurance companies, and building and loan associations cannot under the law be conducted or operated except by corporations, there is no reason why concerns that must be incorporated to carry on business should be required to have printed upon their place of business the word ''Incorporated.''

It is difficult to understand, what purpose the Legislature could have had in requiring the corporations mentioned to have printed in a conspicuous place at their place of business the word ''Incorporated,'' and

yet exempt them from using the word "Incorporated" upon all printed and advertising matter used by them. The public reasons that would require them to have the word "Incorporated" printed on their place of business would seem to demand that the same means be employed in the distribution of advertising matter; and the fact that they are exempted from one makes it reasonable to assume that it was the intention to exempt them from the other. This section, as originally enacted by the Legislature, was section 39 of article 1 of the act relating to corporations, found in Acts 1891-92-93, p. 627, c. 171. In this section all corporations were required to have the word "Incorporated" painted or printed in a conspicuous place on their place or places of business, and also upon all printed or advertising matter used. This act was amended by an act that may be found at page 1257, c. 243, Acts 1891-92,-93, sec. 576 Ky. Stat. 1903, by inserting the words "except railroad companies, banks, trust companies, insurance companies, and building and loan associations;" and it was evidently intended that this exception should apply to the entire section, and not to a particular part of it. It may also be noticed that in the original act there is a semicolon between the words "Incorporated" and "and," whilst in the statute they are separated by a period. We do not, however, regard this error in punctuation as essentially changing the intention of the act.

Wherefore the judgment of the lower court is reversed, with directions to sustain a demurrer to the indictment.

NUNN, J., dissenting.

The opinion of the first-styled case was delivered

the 22d day of November, 1907 (105 S. W. 399) ; in the second case, February 5, 1908 (108 S. W. 262) ; and in the third case the opinion was this day (February 18, 1908) delivered. The three opinions do not express my views for the following reasons:

The statute, under which the prosecutions were instituted is section 576 of the Kentucky Statutes of 1903, and is as follows: "Every corporation organized under the laws of this State, and every corporation doing business in this State, shall, in a conspicuous place, on its principal place or places of business, in letters sufficiently large to be easily read, have painted or printed the corporate name of such corporation, and immediately under the same, in like manner, shall be printed or painted the word 'Incorporated.' And immediately under the name of such corporation, upon all printed or advertising matter used by such corporation, except railroad companies, banks, trust companies, insurance companies, and building and loan associations, shall appear in letters sufficiently large to be easily read, the word 'Incorporated.' Any corporation which shall fail or refuse to comply with the provisions of this section shall be subject to a fine of not less than one hundred dollars and not more than five hundred dollars." It will be observed that the section is divided into two parts. The first part requires all corporations to place on its principal place or places of business the word "Incorporated." The second part requires all corporations, except "railroad companies, banks, trust companies, insurance companies, and building and loan associations" to place the same word upon all printed or advertising matter used by such corporation. The purpose of this statute, as this court has repeatedly decided, is to protect the public and individuals from

imposition by corporations, as the individual property
of the stockholder is not liable for the corporate debts,
and in many cases the corporation is insolvent and
have solvent stockholders and agents transacting
business for them, and those dealing with them, not
knowing that they were representing a corporation,
might give credit upon the idea that the persons with
whom they were dealing were responsible, and thus
be imposed on. It was to correct this evil that the
statute was passed requiring the corporation to give
notice that it was incorporated. See the cases of T.
J. Moss Tie Co. v. Commonwealth, 105 S. W. 163,
32 Ky. Law Rep. 41; Jung Brewing Co. v. Common-
wealth, 123 Ky. 389, 96 S. W. 476, 29 Ky. Law Rep.
821; Commonwealth v. American Snuff Co., 125 Ky.
350, 101 S. W. 364, 30 Ky. Law Rep. 1373. The
opinion of the court in the first-styled case deals with
corporations charged with the violations of the second
part of the statute, above referred to, in failing to
have the word ''Incorporated'' on its advertising
matter. I agreed to the affirmance of three of the
cases, for the reason that it was not averred that
they had any place of business or agents in the county
of Boyle, or that they were doing or attempting to do
any business in that county, or that they had used any
advertising matter in that county with the view to
obtain business from its citizens. See T. J. Moss
Tie Co. v. Commonwealth, supra.

But as to the Singer Sewing Machine Company
the facts are different. The petition, in substance,
charged that it had a house, or place of business, fur-
nished with machines and attachments, located, in
Danville, Boyle county, and printed its advertising
matter in that city, and used it in that county to induce
customers to trade with it there, and failed to place

on its advertising matter the word ''Incorporated.''
The petition unquestionably charged an offense, a
violation of the statute referred to, and the court
in its opinion virtually concedes this fact, but affirms
the case for the reason that the venue of the action
did not lie in Boyle county, but was in Louisville,
Jefferson county. It has always been my understand-
ing that the court of the county where the offense was
committed had exclusive jurisdiction to try the
offender. The court in its opinion assumes that the
acts committed in Boyle county were ordered by the
company's officials in its home office in Louisville,
Jefferson county, Ky., and therefore it ought to have
been prosecuted in that county. Conceding that the
orders were given in Louisville to its agents in Boyle
county committing the offense, it does not follow that
the prosecution should have been in Boyle county.
The actual offense—i. e., the using of its advertising
matter in Boyle county—was a violation of the stat-
ute in that county. No offense, so far as the record
shows, was committed in Jefferson county. Section
18 of the Criminal Code of Practice is as follows:
''The local jurisdiction of circuit courts and justices'
courts shall be of offenses committed within the re-
spective counties in which they are held.'' In the
case of Commonwealth v. Grand Central Building
& Loan Association, etc., 97 Ky. 325, 17 Ky. Law Rep.
215, 30 S. W. 626, this court said: ''The proceedings
in penal actions are regulated by the Code of Practice
in civil actions. By turning to the Code of Civil
Practice, we find section 63 provides: ''Actions must
be brought in the county where the cause of action,
or some part thereof, arose (1) For the recovery of
a fine, penalty or forfeiture imposed by statute.' So
that whether we look to the provisions of the Code

in procedure by indictment, or by penal prosecution, we find that the county where the offense was committed determines the jurisdiction of the court to try the case.'' Under this authority it is certain that the Boyle circuit court had jurisdiction to try this case under the facts alleged in the indictment, which were admitted to be true by demurrer. The court refers to this last named case as authority for its conclusion on the venue of the prosecution. In that case the building and loan association was situated in Campbell county, and the prosecution was instituted by the Attorney General in the Franklin circuit court for a violation of section 571 of the Kentucky Statutes. This court in that case said that the Attorney General was not directed by statute, nor had he authority to institute the prosecution; that it was the duty of the Commonwealth attorney to institute the prosecution in the county where the offense was committed—that is, failing negligently to file with the Secretary of State in Frankfort a statement giving the location of its office in this State and the name of the officer upon whom process might be served— and that the offense in that case was not committed in Franklin county, but was committed in Campbell county. The case at bar is not like that case, for in that case the offense was committed by failing to act. It had no agents located in Franklin county that failed to do anything. Its agents were located in Campbell county, where the failure to act occurred. In this case the overt acts of the Singer Sewing Machine Company's agents named, used advertising matter in violation of the statute in Boyle county. The court in construing this statute has rendered it useless for the purposes for which it was enacted. It will never be enforced in the courts of the counties

in which the home offices of the corporations are located for the reason the officers whose duty it is to institute such proceedings and the grand juries will feel no interest in the matter when the offenses are committed outside the county, and they will never receive any knowledge or information that such an offense has been committed outside of their counties. It is not reasonable to expect that the witnesses in Boyle, Pike, Fulton, and other counties of the State, who know of the offense will go to Louisville, or any other place where a corporation might have its home office, pay their own expenses and start a prosecution for the violation of this statute.

The opinion in the case of the Commonwealth v. Cumberland Telephone & Telegraph Company only requires it to have the word "Incorporated" on its place of business in Louisville and Hopkinsville, they being construed, under the statute, as its principal places of business in the State. Under the agreed facts in that case the company had an office in the city of Murray with telephone connections throughout the county and State and with different states; and it is also had an assistant manager located at that office. The opinion of the court in this case seems to have been based upon the opinion in the case of the Standard Oil Co. v. Commonwealth, 62 S. W. 897, 23 Ky. Law Rep. 302. The opinion in that case was correct in deciding that the office kept there by the Standard Oil Company was not one of its principal places of business in the State. The company only had an oil tank at the depot, and an agent only empowered to distribute the oil to its customers. He did not have power to make contracts for anything and bind the company; but this case is different. The assistant manager in Murray had full power to make

contracts and purchase supplies for the use of the company, and those dealing with him had the right to know whether they were dealing with a corporation or partnership. In my opinion the true intent and meaning of the statute is that wherever a corporation has an office with an agent who has power from the company to make contracts and incur liabilities for the company it is a principal place of business in the meaning of the statute and the word "Incorporated" should be placed on it.

In the last case against the trust company, the opinion in which was this day delivered, decides that the trust company is not required, under the statute, to place the word "Incorporated" on its principal place of business, that the exceptions of railroad companies, banks, trust companies, etc., in the second division of the statute applies, and should be inserted, by implication, in the first part of the section. This construction violates the very terms of the statute itself. The first part of the statute requires every corporation to have the word "Incorporated" placed upon its principal place or places of business in the State. The second part of the section requires all printed or advertising matter used by the corporation; but from the duty required in this part of the section as to advertising matter railroad companies, banks, trust companies, etc., are excepted. It seems that the Legislature, for some purpose, relieved railroad companies, banks, trust companies, etc., from this requirement. It thought that the word "Incorporated" upon their place or places of business would be sufficient. It will not do to say that the corporations excepted from this last requirement were excepted from this statute altogether for the reason that everybody knows that they are required to be incor-

porated before they can do business, for at the time this statute was enacted such a requirement did not exist, as any individual or partnership at that time could own and operate a bank or trust company.

If these three opinions properly construe the statute, it had better be amended at once, or repealed, for it never will accomplish the purpose intended by its framers.

For these reasons, I dissent from the conclusions of the court in all three of the opinions.