CASE 95—INDICTMENT AGAINST THE STANDARD OIL COMPANY FOR FAIL-
ING TO HAVE ITS CORPORATE NAME PAINTED OR PRINTED ON ITS
PRINCIPAL PLACE OF BUSINESS.

# Standard Oil Co. v. Commonwealth.

110 · 821<br>e137 839

APPEAL FROM CRITTENDEN CIRCUIT COURT.

JUDGMENT OF CONVICTION AND DEFENDANT APPEALS.   REVERSED.

CORPORATIONS—INDICTMENT FOR FAILURE TO HAVE CORPORATE NAME
PRINTED ON PRINCIPAL PLACE OF BUSINESS.

Held:   Under Kentucky Statutes, section 576, providing for the
punishment of every corporation doing business in the State
which shall fail to have its corporate name painted or printed
"on its principal place or places of business," an indictment
charging that defendant corporation failed and refused to have
its corporate name painted or printed on its principal place of
business in the city of M. is not sufficient.

HUMPHREY, BURNETT & HUMPHREY AND BLUE & NUNN, FOR
APPELLANT.

(No briefs in record.)

ROBERT J. BRECKINRIDGE, ATTORNEY-GENERAL, FOR COMMON-
WEALTH.

The appellant being indicted, tried and convicted for viola-
tion of section 576, Kentucky Statutes, prosecutes this appeal
and asks a reversal, because:
1. The lower court overruled its demurrer to the indictment.
2. The court refused to instruct the jury to find for the defendant.
3. Error of law in instructions given.
    The language of the statute, 576, is as follows: "Every corpora-
tion organized under the law of this State, and every corpora-
tion doing business in this State, shall in a conspicuous place
on its principal place or places of business, in letters suffi-
ciently large to be easily read, have painted or printed the cor-
porate name of such corporation, and immediately under the
same in like manner shall be printed or painted the word
"Incorporated," and then pronounces a penalty for failure to
obey the statute.

It seems to me that in any town, city or county, in which it has a central point, a local habitation at which it does its business there is its "principal place of business." A store, an office, a warehouse at which it receives or delivers its merchandise is its "principal place of business in the meaning of the law.

OPINION OF THE COURT BY JUDGE PAYNTER—REVERSING.

Upon the claim that appellant had violated section 576, Kentucky Statutes, it was indicted and convicted. The section reads as follows: "Every corporation organized under the laws of this State, and every corporation doing business in this State, shall, in a conspicuous place, on its principal place or places of business, in letters sufficiently large to be easily read, have painted or printed the corporate name of such corporation, and immediately under the same, in like manner, shall be printed or painted the word 'Incorporated.' And immediately under the name of such corporation, upon all printed or advertising matter used by such corporation, except railroad companies, banks, trust companies, insurance companies and building and loan associations, shall appear in letters sufficiently large to be easily read, the word 'Incorporated.' Any corporation which shall fail or refuse to comply with the provisions of this act shall be subject to a fine of not less than one hundred dollars and not more than five hundred dollars." The indictment charges that the appellant did unlawfully fail and refuse to have on its "principal place of business in the city of Marion, Crittenden county, Kentucky, in a conspicuous place, in letters sufficiently large to be easily read, painted or printed its corporate name, and immediately under the name of said corporation the word 'Incorporated.'" It is insisted that the demurrer to the indictment should have been sustained. It will be observed that the indictment charges that

it failed to have painted or printed its corporate name,. with the word "Incorporated," on its principal place of business in the city of Marion, Crittenden county, Ky. The indictment does not charge that the appellant's prin-- cipal place of business, or one of its principal places of business, was in the city and county named. It may be true that there was a failure to have the painted or print- ed words on its place of business in Marion, and still be true that it had the painting or printing required by the statute on its principal place or principal places of bus- iness in the State. Webster's International Dictionary defines "principal" as follows: "Highest in rank, author- ity, character, importance, or degree; most considerable or important; chief; main; as, the principal officers of a government; the principal men of a State; the principal productions of a country; the principal arguments in a case." The Legislature must be credited with a knowl- edge of the meaning of words. Section 460, Kentucky Statutes, furnishes us with a rule for construing words,. as follows: "All words and phrases shall be construed and understood according to the common and approved. usage of language." When the Legislature used the word "principal," it did not mean "every" place of business. It meant just what it said,—principal place or places of business. The word "principal" is an adjective qualify- ing each of the words "place" and "places." An incor- porated company could have one or more principal places. of business depending entirely upon the method of con- ducting its business. The appellant, for instance, could have at Lexington a place of business where all its busi- ness for the eastern section of the State is conducted,. and one at Louisville, where all the business in the west-

·ern end ·of the State is conducted, and each would be a
principal place of business. It might have both of such
principal places ·of business in the same ·city.    It is easy
to ·see some corporations might have two principal places
of business in the same city. If the Legislature had in-
-tended that the painting or printing required ·by the stat-
.ute should be at every place where a corporation conducted
.business, it would have said so, and not have used a word
that conveyed the idea that it was to be done at particu-
lar places.    The demurrer should have been sustained to
the indictment.    The judgment is reversed for proceed·
ings consistent with this ·opinion.