CASE 105.—ACTION BY THE CITY OF COVINGTON AGAINST
THE STANDARD OIL COMPANY.—April 13, 1910.

## City of Covington v. Standard Oil Co.

Appeal from Kenton Circuit Court (Common Law
and Equity Division).

M. L. HARBESON, Judge.

From a judgment for the city plaintiff appeals.—
Affirmed.

Taxation—Intangible Corporate Property—Place of Taxation.—
Where a corporation in its articles of incorporation fixes a
place in the state as its principal place of business, and the
articles remain unchanged, and the corporation pays taxes on
its intangible property at the place so fixed, no other city in
which it has an office or does business can claim that it is
the principal place of business, so as to authorize such a tax.

JOHN E. SHEPARD for appellant.

ERNST & CASSATT for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE BARKER
—Affirming.

The appellee, Standard Oil Company, is a Ken-
tucky-corporation which was organized in 1886 under
the general incorporation act in force in this state at
that time. This litigation originated in an attempt
on the part of the city of Covington to tax the intan-
gible property of the corporation under the theory
that Covington is its principal place of business or.
domicile, and that its intangible property is proper-
ly assessable in that municipality. The question aris-
ing on this appeal is whether the intangible property

of the corporation is assessable in the city of Louisville, as contended for by appellee, or in Covington, as insisted upon by appellant.

The record shows that the Standard Oil Company was incorporated in 1886, and that in its articles of incorporation, and the notice thereof required by the statute then in force to be published in a newspaper, the city of Louisville was designated as its principal place of business; that the corporation had been doing business in this state under these articles of incorporation from 1886 until the present time; and that no change has ever been made by appellant designating a place other than Louisville as its principal place of business. It is true the corporation does business and has offices in various other places within the state of Kentucky, among which is Covington; but that city has never been officially designated as its principal place of business. It is, however, shown, that in one year the corporation, by mistake of its officers, returned its intangible property for taxation in Covington; but this mistake was corrected and has never occurred again. The record shows that, for the year involved in this litigation, the appellee corporation made return of its intangible property to the proper fiscal officers of the city of Louisville, and that it has paid the taxes due thereon to the city of Louisville. There is nothing in the record which tends to show that appellee is in any way seeking to avoid taxation, but is only seeking to avoid being taxed twice on its intangible property.

The question we have here arose in the case of Langdon-Creasy Co. v. Trustees, 116 Ky. 562, 76 S. W. 381, 25 Ky. Law Rep. 823. The Langdon-Creasy Company owned and operated various merchandise

stores throughout the state. One of these stores was situated in the common school district of Owenton, and it was sought by the trustees of the district to assess the personal property of the corporation situated therein for school purposes. Upon appeal to this court, we held that the personal property of the corporation was required to be assessed and the taxes thereon paid at its principal place of business, which was held to be the place nominated as such by its articles of incorporation. The opinion in the case cited followed that in Wren v. Boske, 72 S. W. 279, 24 Ky. Law Rep. 1780, wherein it was held that the personal property of an individual, although located in a different county, was only assessable in the county wherein the owner resided. The principles enunciated in these cases are conclusive of the one at bar. The appellee corporation having designated Louisville, Ky., as its principal place of business in its articles of incorporation, this is conclusive upon the corporation and upon every person doing business or having relations with it.

Under section 4025, Ky. St. (Russell's St. section 5917), tangible personal property, which has a situs in a county, municipality, or taxing district, is assessable there, although it may not be the domicile of the owner. But this statute does not affect the question wherein is involved only tangible property.

The opinion in the case of Standard Oil Co. v. Commonwealth, 110 Ky. 821, 62 S. W. 897, 23 Ky. Law Rep. 302, does not militate against the views we have herein expressed. It is true it was there said that a corporation might have one or more principal places of business in the state; but the court had a different statute under consideration there from the one under discussion here. In the case

last cited the court was construing section 576, Ky. St. (Russell's St. section 2161), which requires, among other things, that corporations organized under the laws of this state and corporations doing business in this state designate on their principal places of business in letters sufficiently large to be easily read the corporate name of the corporation, and under the name to print or paint the word "incorporated." It was there held, following the phraseology of the statute, which uses the plural "places of business," that a corporation might have more than one principal place of business in the state; that is, it might have more than one principal place of business within the meaning of this particular statute. But we have a different question here. For fiscal purposes a corporation can have but one domicile, and that is the place, under our statute, designated in its charter or articles of incorporation.

The judgment of the trial court, holding that the principal place of business of appellee is in Louisville, and that its intangible property is assessable there, and there only, is affirmed.