# Commonwealth v. Nebo Consolidated Coal & Coking Co.

(Decided January 10 1911.)

## Appeal from Hopkins Circuit Court.

1. Corporations—Principal Places of Business—Section 570. Ky. Statutes.—A corporation may have more than one principal place of business. Where a corporation engaged in operating a coal mine has a principal place of business in the city of Louisville where its President resides and its general office is located, and its booking, drawing of checks and banking business are done, but operates a coal mine in Hopkins county, Ky., where all its miners are employed and paid, and from which point all its coal is shipped, it has a principal place of business both in Louisville and at its mines in Hopkins county; and the failure of the corporation to have the word "Incorporated" at either of its principal places of business, is an offense under Section 576 Ky. Statutes.

2. Venue of Prosecution.—The venue of such a prosecution under Section 576 Ky. Statutes is in the county where the failure to comply with the statute takes place; that is where the corporation neglects to have the word "Incorporated" on one of its principal places of business in the State.

JAS. BREATHITT, Attorney General, THEO. B. BLAKEY, Assistant Attorney General, and JOHN L. GRAYOT for appellant.

JOHNSON & JENNINGS for appellee.

OPINION OF THE COURT BY WM. ROGERS CLAY, COMMISSIONER—Reversing.

The grand jury of Hopkins county returned against appellee, Nebo Consolidated Coal & Coking Company, the following indictment:

"The Commonwealth of Kentucky,

"Against                              "Indictment
                              "Hopkins Circuit Court.
"Nebo Consolidated Coal & Coking Company.

"The Grand Jurors of the county of Hopkins, in the name and by the authority of the Commonwealth of Kentucky, accuse Nebo Consolidated Coal & Coking Company of the offense of failing and refusing to have in a conspicuous place on its principal place of business in letters sufficiently large to be easily read, painted or printed, its corporate name, and immediately under same the word, 'incorporated.' Committed in manner and form as fol-

lows, to-wit: The said Nebo Consolidated Coal and Coking Company in the said county of Hopkins, on the first day of February, 1909, and before the finding of this indictment, being a corporation created and organized, and incorporated under and by the laws of the State of Kentucky, and as such corporation was at said time and is now doing business in the county of Hopkins, State of Kentucky, did fail and refuse to have painted, or printed in a conspicuous place, on its principal place of business in Hopkins county, Kentucky, said place of business being a principal place of business of said corporation in the State of Kentucky, in letters sufficiently large to be easily read, the corporate name of said corporation, and immediately under the same in like manner the word 'Incorporated.' Said Nebo Consolidated Coal & Coking Company was not and is not a railroad company, bank, trust company, insurance company, nor building and loan association; against the peace and dignity of the Commonwealth of Kentucky."

Appellee filed a general demurrer to the indictment; also a special demurrer raising the question of the jurisdiction of the court; and in addition thereto, it entered a plea of not guilty, and further pleaded that its principal office and place of business was in Louisville, Kentucky; that its articles of incorporation named Louisville as its principal place of business and that the statement filed with the Secretary of State as required by Section 571, Ky. Stats., designated Louisville as its principal place of business and John C. Davidson, its President, as its agent thereat upon whom process might be served. An agreed statement of facts was then filed and the case submitted to the Hopkins circuit court for trial on all the issues involved. The trial court dismissed the indictment, on the ground that the venue of the prosecution was in Jefferson county and that the Hopkins circuit court had no jurisdiction. From that judgment the Commonwealth appeals.

The agreed statement of facts shows that appellee is a corporation; that it is not a railroad company, a trust company, an insurance company or a building and loan association; that it has the power to acquire, own and operate coal mines, together with the various privileges incident thereto. While it contemplated buying and operating other coal mines, at the time of the indictment it owned only a coal mine in Hopkins county. Its home

office was in Louisville, Kentucky, where its President lived. This was designated by its articles of incorporation as its principal place of business. There all bookkeeping, drawing of checks, banking and general office business of the company had been and was being transacted. Its office was in the Keller Building in that city, and at said office appellee had in a conspicuous place, in letters sufficiently large to be easily read, its corporate name, and immediately thereunder the word "Incorporated." The only place at which appellee was operating a mine at the time of the indictment was in Hopkins county, Kentucky; its superintendent lived there, and an office was maintained for him. There the business of the company was conducted. All the miners and men employed at and in the mines in Hopkins county were hired there by the proper officials of the company. The time and accounts of the miners were kept and made out at that place and the men were paid at appellee's office in Hopkins county, twice a month in cash. All business done by appellee, with the exception of that heretofore specified as having been done in Louisville, Kentucky, was carried on in Hopkins county. From that point all the coal was mined and shipped.

Section 576, Ky. Stats., is as follows:

"Every corporation organized under the laws of this State, and every corporation doing business in this State, shall, in a conspicuous place, on its principal place or places of business, in letters sufficiently large to be easily read, have painted or printed the corporate name of such corporation, and immediately under the same in like manner, shall be printed or painted the word 'Incorporated.' And immediately under the name of such corporation, upon all printed or advertising matter used by such corporation, except railroad companies, banks, trust companies, insurance companies and building and loan associations, shall appear in letters sufficiently large to be easily read, the word 'Incorporated.' Any corporation which shall fail or refuse to comply with the provisions of this section shall be subject to a fine of not less than one hundred dollars and not more than five hundred dollars."

The purpose of the statute is to give notice to persons dealing with incorporated companies of the fact that they are incorporated. It was to protect the public that the statute was enacted. It was the intention of the General

Assembly that notice of its corporate existence should be given by the corporation in the manner prescribed. (Commonwealth v. American Snuff Co., 30 Ky. Law Rep. 1373.)

It will be observed that the statute uses the words "principal place or places of business." The legislature evidently took in consideration the fact that a corporation might have more than one principal place of business. That being true, a compliance with the statute at one of its principal places of business would not be sufficient. it is necessary to comply with the statute as to each principal place of business. If the statute were confined in its application to the corporation's one particular place of business, compliance with it would not give to the public the notice required. In the case before us, those having dealings with the corporation in Louisville would be apprized of its corporate existence, but those having dealings with it in Hopkins county would have no such notice. As the agreed statement of facts shows that, with the exception of the bookkeeping, banking, drawing of checks, etc., which were done in Louisville, the real business of the corporation was, as a matter of fact, conducted at its place of business in Hopkins county, we conclude that the evidence conclusively shows appellee's place of business in Hopkins county was one of its principal places of business in the State. That being true, it was its duty to comply with the provisions of the statute there as well as in Louisville. (Standard Oil Co. v. Commonwealth, 110 Ky. 821: Cumberland Telephone & Telegraph Co. v. Commonwealth, 108 Ky., 262.)

We are furthermore of the opinion that the indictment was properly brought in Hopkins county, and that the circuit court of that county, therefore, had jurisdiction to hear and determine the case. The rule announced in Remington Typewriter Co. v. Commonwealth, 127 Ky. 177, has no application to this case. There the indictment was for a violation of that portion of section 576 relative to advertising matter. The court held that an indictment could not be brought in any county where advertising happened to be circulated, but only at the principal place of business of the corporation. This rule was followed in Commonwealth v. Montenegro-Rheim Music Co., 106 S. W., 812, and Paracamph Co. v. Commonwealth, 112 S. W., 587. Here the offense with which appellee was charged was committed in Hopkins county: there it was that it failed to comply with the statute. Had appellee

violated the statute at its other principal place of business, in the city of Louisville, then the offense would have been committed in Jefferson county and would have been properly triable in the courts of that county. But the violation of the statute in another county would not give to the Jefferson circuit court jurisdiction of the offense. As the statute requires a compliance therewith by a corporation at each of its principal places of business, a corporation offends against the law in the particular county where it fails to comply with the statute. It, therefore, follows that the court erred in dismissing the indictment for want of jurisdiction.

Judgment reversed and cause remanded for proceedings consistent with this opinion.