## Western Oil Refining Company v. Commonwealth.

(Decided April 23, 1918.)

### Appeal from Barren Circuit Court.

1. Corporations—Indictment and Information—Statute—Sufficiency. —An indictment under section 576 of the Kentucky Statutes charging the defendant with "then and there having one of its principal places of business," and "then and there engaged in the business of selling oil," and that the defendant "then and there engaged in the oil business . . . and having one of its principal places of business at Glasgow, Kentucky," sufficiently charges that the defendant was doing business at that place, which was one of its principal places of business, and the court properly overruled the demurrer filed thereto.

2. Corporations—Criminal Prosecutions—Place of Business.—The "place of business" mentioned in the statute wherein the painting or printing of the inscriptions required therein are to be put is where the defendant if engaged in merchandising keeps or stores the articles in which it deals and where it and its customers go to obtain such articles; hence where the defendant is engaged in the business of handling oil, which it keeps stored in tanks from which it procures the oil to be distributed and delivered to its customers by the use of oil wagons which it operates, and from which tanks its customers procure the oil if not delivered to them by wagons, the oil tanks constitute the place of· business wherein the painting or printing required by the statute must be put.

3. Corporations—Place of Business.—The statute requires the painting or printing on the place of business of defendant of both its corporate name and the word "incorporated," and if it paints or prints the. one without the ·other it is guilty of the offense denounced by the statute.

4. Corporations—Criminal Prosecutions.—Where the defendant was a non-resident corporation engaged in the manufacture and distribution of oil, and it shipped oil into this state consigned to itself, which was unloaded and put into its tanks and afterward handled and sold by its agents in the corporate name, and the corporation procured in its name a license as required by sec. 4224 of the Kentucky Statutes permitting it to sell oil in this state as therein required, the evidence was sufficient to authorize the court to find that the defendant was engaged in the business and not its agent or agents individually and on their own account, although it was in evidence that such agents paid for the oil upon its arrival at the place from which it was unloaded from the cars into tanks.

W. S. SMITH for appellant.

CHARLES H. MORRIS, Attorney General, and D. M. HOWERTON, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

This appeal questions the correctness of the judgment appealed from whereby the appellant was convicted and a fine of $100.00 assessed against it for what the Commonwealth insists was a violation of sec. 576 of the Kentucky Statutes.

The defendant is an Indiana corporation, and the portion of the statute which the indictment charges it with violating reads: "Every corporation organized under the laws of this state, and every corporation doing business in this state, shall, in a conspicuous place, on its principal place or places of business,  in letters sufficiently large to be easily read, have painted or printed the corporate name of such corporation, and immediately under the same, in like manner, shall be printed or painted the word 'Incorporated.' "

Two complaints are urged  against the judgment, which are: (1) that the indictment is insufficient; and, (2) that the facts are insufficient to authorize a conviction under the statute.

The criticism of the indictment under the (1) ground is that the defendant is not charged therein with "doing business" or with having a "principal place of business" in Barren county, and that the indictment does not charge that the defendant failed to have painted or printed on its alleged "principal place of business" its corporate name *and* the word "Incorporated," as required by the statute. The idea is advanced by the latter contention that the offense is incomplete unless both the corporate name *and* the word "Incorporated" have not been painted or printed as the statute requires. Or, conversely, that if one of them is so painted or printed and the other is not, the offense will not be committed. The indictment, after naming the offense, contains this:

"The said Western Oil Refining Company, a corporation, doing business in the state of Kentucky, in the said county of Barren on the —— day of October, 1916, and before the finding of this indictment and within one year before the finding of this indictment, it being then and there a corporation duly organized under the laws of the state of Indiana, and then and there having one of its principal places of business in the city of Glasgow, and in the state of Kentucky, and then and there engaged in the business of selling oil under its said corporate name, did unlawfully  fail  and  refuse  to have

painted or printed in a conspicuous place on its said principal place of business at Glasgow in said county and state of Kentucky, in letters sufficiently large to be easily read, immediately under its said corporate name, to-wit, the Western Oil Refining Company, the word 'Incorporated,' the said Western Oil Refining Company being then and there engaged in the oil business in the state of Kentucky, and having one of its principal places of business at Glasgow, Kentucky.''

From this we see that the defendant is charged with ''having one of its principal places of business in the city of Glasgow,'' and that it was ''then and there engaged in the business of selling oil under its said corporate name;'' that it unlawfully failed and refused to have painted or printed as required by the statute ''on its said principal place of business at Glasgow'' under its corporate name the word ''Incorporated;'' that at that time it was engaged in the oil business in the state of Kentucky and one of its principal places of business was at Glasgow. Notwithstanding these allegations, it is insisted that there is no charge that the defendant was engaged in ''doing business'' in Glasgow, or that it so maintained a ''principal place or places of business.'' In the light of the allegations which we have taken from the indictment it is indeed difficult for us to see any foundation for the contentions, for we find therefrom that the defendant is charged with having one of its principal places of business in Glasgow, and that it was then engaged in the business of selling oil, and later in the indictment it is charged with being engaged in the oil business ''then and there,'' which means at that time and in that place. To say that this does not charge the defendant with maintaining a principal place of business at Glasgow, and with being engaged in the oil business at that place, is to indict the English language with being insufficient for the transmission of ideas and lacking in the power of clearness of expression, which we are unwilling to do.

The objection to the indictment that it charged the defendant with failing to have painted or printed the word ''Incorporated'' under its corporate name without charging that such *corporate name* was not painted or printed is equally untenable, since it has been many times determined by this court that the purpose of the statute was to inform the public doing business with the

defendant that it was a corporation and not a partnership or an individual doing business under an assumed name. Commonwealth v. American Snuff Co., 30 Ky. Law Rep. 1373; Commonwealth v. Nebo Consolidated Coal & Coking Co., 141 Ky. 493. The statute requires both the corporate name and the word "Incorporated" to be painted or printed as therein designated, and if either of them is not so painted or printed the offense is committed. It may be true, which is fairly to be assumed from the indictment, that the corporate name in the instant case was painted or printed as required. This constitutes only a partial compliance with the statute and is not sufficient to exonerate the defendant. It must go further, under the requirements of the statute, and paint or print under such corporate name the word "Incorporated," and it is for the failure to do this latter act that it was indicted. We conclude, then, that the indictment was and is sufficient, and the demurrer to it was therefore properly overruled.

The case was tried before the court without the intervention of a jury under an agreed stipulation of facts which show that the defendant is an Indiana corporation engaged in the manufacture and shipping of oil from its factory to the state of Kentucky and other states; that it owns two stationary oil tanks located at Glasgow, Kentucky, and that it pays an ad valorem tax on the tanks; that it has "selling agents" in Glasgow who use the tanks as a storage place for oil, and from which they sell many thousands of gallons of oil annually which is delivered to the customer by the defendant's selling agents by the use of oil wagons owned by the defendant, and for which it has procured a license to operate as required by sec. 4224 of the Kentucky statutes; that frequently the oil is shipped from defendant's home office in Indiana to itself at Glasgow, Kentucky, and upon arrival there it is taken charge of by defendant's selling agents and put into the two oil tanks, from which it is subsequently distributed to the customers in the manner pointed out above. It is also stated in the stipulation that: "In each instance the said oil was paid for by said selling agents immediately upon receipt of said oil at Glasgow, Kentucky," and that its selling agents did their bookkeeping and office work at their respective places of business in Glasgow and not at the oil tanks, and that upon the latter there was painted the corporate name of

the defendant, but the word "Incorporated" was not painted or printed in any manner under such name.

From this it is argued (1) that it is not shown that defendant as a corporation either had a principal place or any place of business in Glasgow, nor did it do any business anywhere in that town or county, but on the contrary that the business that was done was that of its agents for and on behalf of themselves, individually, and (2) that if the first contention be incorrect that the oil tanks did not constitute its place or places of business within the contemplation of the statute whereat the inscription required by the statute should be painted or printed.

With respect to the (1) contention, the stipulation shows that the shipments of oil in some instances were consigned to the defendant and not to any selling agent. It was disposed of, after being received at Glasgow, by defendant's selling agents and delivered to the customers in the name of the defendant and not that of any agent, as is shown by receipts constituting a part of the record. It was stored in defendant's property, upon which it paid taxes, and it was distributed by the use of wagons owned by the defendant, upon each of which it paid to the state a license tax entitling it "to sell by retail petroleum or lubricating or other oil" (sec. 4224, Ky. Statutes), in that way. Throughout the stipulation it is shown that the oil was sold in defendant's name by "its agents," using defendant's appliances and property for the purpose. Under these circumstances the court was justified in finding that it was the defendant's business which was being transacted, notwithstanding the statement that its agents received and paid for the oil upon its arrival in Glasgow. Defendant was at least engaged in the business of maintaining oil tanks in Glasgow, and wagons upon which it paid a license, and the court did not err in finding that the defendant itself was doing business in Glasgow.

Considering now the (2) objection, it is stated in the opinion in the case of Standard Oil Co. v. Commonwealth, 110 Ky. 821, in defining what constitutes "principal place of business" within the meaning of the statute that: "An incorporated company could have one or more principal places of business depending entirely upon the method of conducting its business. The appellant, for instance, could have at Lexington a place of

business where all its business for the eastern section of the state is conducted, and one at Louisville, where all the business in the western end of the state is conducted, and each would be a principal place of business. It might have both of such principal places of business in the same city.''

The statute requires the painting or printing of the designated words on the ''principal place or *places* of business,'' thereby contemplating that there might be more than one ''place of business'' within the state, and this construction of the statute is given to it in the opinion in the case of Commonwealth v. Nebo Consolidated Coal & Coking Co., *supra,* wherein it is said: ''The legislature evidently took in consideration the fact that a corporation might have more than one principal place of business. That being true, a compliance with the statute at one of those principal places of business would not be sufficient. It is necessary to comply with the statute as to each principal place of business.''

The stipulation shows that oil was distributed from Glasgow in the manner stated throughout several counties, and that there was no other place in the state where it was similarly done except at Russellville, in Logan county. Evidently, then, the town of Glasgow was one of the principal places of business of the defendant within the state, and it became its duty under the statute to paint or print the required words on its place of business in Glasgow.

It is insisted that if the business transacted at Glasgow was done by the defendant that it was transacted at the office or place of business of its agents, and that it was there the required words should have been painted or printed, but we can not agree to this, since we are convinced that its place of business in Glasgow was where it stored and from which place it handled the article of merchandise dealt in by it. That was its depot and store house for the goods which it sold, and from which such goods were taken to be delivered to its customers. Necessarily if any of the latter desired to obtain oil without its being delivered through defendant's wagons, they would be required to go to the tanks in order to obtain it, and the information which the statute intended to impart would, if at all, be obtained at that place. Indeed it is not shown by the stipulation that any sales of oil which constituted the business were made by any of

defendant's agents at any of their places of business. It is only shown that such agents "did their bookkeeping and office work" at their place of business, without even showing that such bookkeeping or office work pertained in the slightest to the handling and selling of oil.

Under these facts, and when the purpose for which the statute was enacted is considered, we are forced to the conclusion that the place of business where the requirement of the statute should be met was the location of the oil tanks, being the place where the oil dealt in by the defendant was stored, and from whence it was handled. From all of which it results that the judgment of conviction was proper, and it is therefore affirmed.