II aii, Judge,
 

 delivered the opinion of the Court:
 

 When there is an appeal from the judgment of a justice of the peace to the County Court, the Defendant may plead in any way he thinks proper
 
 •,
 
 he is not bound by any defence which he made before the justice, because there is no correct way of ascertaining what that defence was. But when he enters his pleas in the County Court, he is bound by them, because they become matters of record. If, therefore, upon the trial before the justice,- he defends as to the merits, upon an appeal to the County Court, he may plead in abatement. But if in the County Court he plead to the merits, and
 
 neglect to
 
 plead in abatement such plea as he now tenders in the form of reasons in arrest of judgment, and there is a verdict against him, he ought to be contented
 
 ;
 
 for there is no connexion between the merits of his case and such defects in the warrant as he now points Out. Had he pleaded such defects in abatement, the Court would have judged of them
 
 ;
 
 but he has lost that opportunity, by pleading to the merits of his case. Let the reasons in arrest be overruled, and judgment entered for the Plaintiff.
 
 *
 

 *
 

 Other cases were decided at this term to the same effect: In one, a motion to nonsuit, the Plaintiff, because the
 
 time and place
 
 of trial were not set forth in the warrant, was overruled; because the act does not require them to be set forth in the warrant.