SARAH JANE COTTON *vs.* MISSISSIPPI & RUM RIVER BOOM COMPANY.

January 29, 1876.

**Extending Duration of Existing Corporation is not the Creation of a New One.**—By its original charter, passed in 1857, defendant was made "a body corporate * * * for the period of fifteen years." In 1867 the charter was amended by striking out the words "for the period of fifteen years," and also by changing the form of proceedings for condemnation. *Held,* that neither of the amendments infringes upon that provision of our constitution prohibiting the formation of corporations under special act.

**Eminent Domain—Power not Confined to Taking for Right of Way—Taking for Boom Purposes.**—The taking, for boom purposes, of lands bordering on the Mississippi river may be a taking for public use. Section 4, art. 10, of the constitution of this state, declaring that "lands may be taken for public way, for the purpose of granting to any corporation the franchise of way for public use," does not confine the exercise of the eminent domain to a taking for right of way.

**Same—What Estate may be Taken.**—*Scott* v. *St. Paul & Chicago R. Co.,* 21 Minn. 322, followed as to the effect of a provision of law authorizing the taking of an "absolute fee simple" in lands condemned for public uses.

**Same—Necessity of Taking, how Determined.**—The effect of Sp. Laws 1867, ch. 134, § 13, is to authorize the defendant to make a determination of the question of the necessity of taking lands for boom purposes which is at least *prima facie* good and binding.

**Variance Between Name of Corporation in Original Charter and in Amendatory Act.**—The discrepancy between the correct corporate name of the defendant, as given in the original charter, (Laws 1857, Ex. Sess. ch. 60,) and the corporate name used in Sp. Laws 1867, ch. 134, *held* unimportant, in view of the clear intention of the legislature and of the provisions of Sp. Laws 1868, ch. 120.

Appeal by plaintiff from an order of the district court for Hennepin county, *Vanderburgh*, J., presiding, modifying an injunction.

*Atwater & Babcock*, for appellant.

*Lochren, McNair & Gilfillan*, for respondent.

BERRY, J.[1]   The plaintiff, claiming to be owner of certain land bordering on the Mississippi river, obtained judgment for an injunction forbidding the defendant, its officers, etc., from entering upon, or in any manner interfering with, or using said land, and from using its boom, so as to interfere with, affect, or damage the same. Subsequently the plaintiff procured an order requiring defendant to show cause why it should not be punished for contempt in disobeying the writ of injunction.   Defendant, upon the hearing of the order to show cause, made a motion for the modification of the writ of injunction, so as to exclude from its operation a strip of plaintiff's said land, as to which it was charged that the writ had been disobeyed.   The modification was asked for upon the ground that since the granting of the injunction, and before the writ of injunction was issued, the defendant had, by condemnation proceedings under its charter, acquired the right to occupy, use and enjoy said strip of land for boom purposes.

It is admitted that these proceedings were taken and completed in accordance with the requirements of the charter, but the plaintiff claims that they do not entitle the defendant to occupy, use and enjoy the strip of land in question. Defendant's original charter is found in Laws 1857, Ex. Sess. ch. 60, the first section of which constitutes the persons therein named " a body corporate   *   *   *   for the period of fifteen years."   The charter was amended by Sp. Laws 1862, ch. 86, and by Sp. Laws 1867, ch. 134.   By § 17, of the latter chapter, § 1 of the original charter was amended by striking out the words " for the period of fifteen years," so as to leave the defendant's term of cor-

[1] Cornell, J., having been of counsel, did not sit in this case.

porate existence unlimited as to time. Section 18 of the original charter was also amended by § 13 of the act of 1867, the effect of the amendment being to change the form of proceedings for condemnation. In making these amendments the legislature did not, as plaintiff contends, exceed its authority, since neither of the amendments falls within that provision of our constitution which prohibits the *formation* of corporations under special acts.

The plaintiff further argues that Sp. Laws 1867, ch. 134, § 13, which is the authority under which the proceedings to condemn were had, is unconstitutional because the taking of land for boom purposes is not a taking for public use. This point is so little insisted on that it may be dismissed with the remark that the Mississippi river is, among other things, a public highway for the running of logs, and that a boom may properly be regarded as an *improvement* of the highway, an improvement the purpose and effect of which are to render the highway more available and valuable for the running of logs. The taking of private property for the making of an improvement of this kind certainly may be a taking for public use.

Section 4, art. 10, of our constitution, declaring that "lands may be taken for public way for the purpose of granting to any corporation the franchise of way for public use," does not, as the counsel contends, confine the exercise of the eminent domain to a taking for right of way.

Plaintiff's point that § 13 is unconstitutional because it enacts that defendant shall acquire "an absolute estate in fee simple" in the lands condemned, is disposed of in *Scott* v. *St. Paul & Chicago R. Co.*, 21 Minn. 322, where an analogous position was held to be untenable.

The plaintiff further contends that § 13 is unconstitutional because the legislature has not determined, nor authorized the defendant to determine, nor appointed any tribunal by which it is to be determined, what lands are *necessary* to be taken by defendant for its boom purposes.

The defendant is empowered to condemn such lands only as are *necessary* for its boom purposes.   No provision is made for any trial of the question of necessity in the course of the condemnation proceedings.   Section 13, in effect, however, authorizes the defendant, in instituting and conducting the proceedings for condemnation, to " designate" the lands necessary to be taken.   Whether or not it would be competent for the legislature to have authorized the defendant to determine the question of necessity *conclusively*, it is not now necessary to decide.   However this may be, we are of opinion that it was competent for the legislature to authorize the defendant to make a determination of this question, which should be *prima facie* good and binding. In our opinion the legislature has done this at least, in § 13, in authorizing the defendant to " designate" the lands necessary to be taken by it.

The last point made by the plaintiff is that the act of 1867 confers no rights on the defendant because the defendant is " The Mississippi and Rum River Boom Company," while the corporation named in the body of the act of 1867 is " The Mississippi River Boom Company." Referring to the title of the act of 1867, and to the acts which are amended by it, as well as to its provisions, there is no reasonable ground for doubt that the discrepancy in names was an inadvertent inaccuracy merely, and that the latter name was intended to apply to the defendant. If there can be any doubt as to this, it is beyond question removed by Sp. Laws 1868, ch. 120, where the section in the act of 1867 in which the name " The Mississippi River Boom Company " occurs is amended in several respects, and, among others, by substituting for this name the correct name of the defendant.

The order modifying the injunction is accordingly affirmed.