THE PRESIDENT AND FACULTY OF ST. VINCENT'S COLLEGE, *Appellant*, v. SCHAEFER, *Collector*.

DIVISION ONE.

1. **Constitution :** EXEMPTION FROM TAXATION : STATUTE.  Under the state constitution, as it existed in 1853, the legislature could exempt the property of a college " from the payment of taxes for state or county purposes so long as the same or the proceeds thereof shall be used for or applied to educational purposes."  ( Acts, 1853, p. 569. )

2.  **Contract**: EXEMPTION FROM TAXATION : CONSTITUTION. Such exemption constitutes a contract on the part of the state which, in the absence of a reserved right to do so, it cannot abrogate.

3.  —— : —— : CONSIDERATION. The benefit which the legislature deemed the state would derive from the passage of the act constituted a sufficient consideration for the contract, and no other is required to support it.

4.  —— : —— : VARIANCE IN NAMES. An immaterial variance between the name of the corporation in the law creating it and the name as used in the act of exemption from taxation will not affect the validity of the latter act.

*Appeal from Cape Girardeau Circuit Court.*—HON. H. C. O'BRYAN, Judge.

REVERSED AND REMANDED.

*John H. Nicholson* for appellant.

(1) The special act of 1853 ( Session Acts, 1853, p. 569) exempting appellant's property from taxation, and the acceptance of said act, and the compliance with its terms and conditions by appellant, as fully set forth in appellant's petition, constitute a contract with the state of Missouri, within the meaning of section 10, article 1, of the constitution of the United States. Therefore, the state of Missouri had no power to repeal, either expressly or by implication, said special act of exemption. Cooley's Const. Lim. [ 3 Ed. ] star pages 280, 281 ; *Bank v. Kansas City,* 73 Mo. 555. It is not necessary that there should be a benefit or advantage to the promisor ; inconvenience, trouble, expense to the promisee will make the consideration valuable. *Block v. Elliott,* 1 Mo. 275 ; *Halsa v. Halsa,* 8 Mo. 303 ; *Mullanphy v. Reilly,* 8 Mo. 675 ; *Hudson v. Busby,* 48 Mo. 35. (2) The special act of 1853, exempting appellant's property from taxation, was not impliedly repealed, as held by the court below, either by the constitution of 1865 or that of 1875, or by the general laws on taxation of either of those two years. *First.* The

court in *State ex rel. v. Hays*, 52 Mo. 578, page 580, says: "That the rule is well settled that statutes are not to be construed as having a retrospective effect, unless the intention of the legislature is clearly expressed that they should so operate, and unless the language employed admits of no other construction." To the same effect see *Railroad v. Cass Co.*, 53 Mo. 17, p. 28; *Smith v. Clark Co.*, 54 Mo. 58; *St. Louis v. Ins. Co.*, 47 Mo. 146. *Second.* It is fair to presume that if the legislature intends to repeal a statute, they will do so in express terms, or by the use of words which are equivalent to an express repeal. *State ex rel. v. Macon Co.*, 41 Mo. 453, 459. *Third.* The same canons of construction apply to constitutions as to statutes in the matter of repeals. *State ex rel. v. Macon Co.*, 41 Mo. 453. Cooley on Const. Lim. [3 Ed.] star page 62. *Fourth.* The constitution of 1865, section 16, article 11, was designed to be prospective and not retrospective in its operation, and it did not operate to disturb existing exemptions from taxations, made by the legislature. *Scotland Co. v. Railroad*, 65 Mo. 123; *State ex rel. v. Cem. Ass'n*, 11 Mo. App. 570; *State ex rel. v. Macon Co.*, 41 Mo. 453; *State ex rel. v. Court*, 51 Mo. 522; *State v. Grant*, 79 Mo. 113; *State ex rel. v. Greer*, 78 Mo. 188 *State ex rel. v. Schooley*, 84 Mo. 447. *Fifth.* Assumpsit for money had and received is an appropriate remedy to recover back money illegally exacted by the collector as taxes in all jurisdictions where no other remedy is given, unless the tax was voluntarily paid, or some statutory conditions are annexed to the exercise of the right to sue which were unknown at common law. *Cox v. Collector*, 6 Meyer's Fed. Dec., sec. 1431. *Sixth.* The petition of appellant shows that the taxes sought to be recovered back were paid to defendant under protest only when the collector had levied on the property of appellant for said tax; and it was to release said levy and prevent the threatened sale of said property that appellant paid said tax. *Seventh.* Usually preventative

remedies are discountenanced as embarrassing to the just operation of the government, and a party is required to pay the tax, and seek redress in an action of *assumpsit* against the collector for money had and received. *Trade Co. v. Collector*, 6 Meyer's Fed. Dec., sec. 1435; *Wolf v. Marshall*, 52 Mo. 167; *Maguire v. Sav. Ass'n*, 62 Mo. 344; *Westlake v. City*, 77 Mo. 47.

*Edward Robb* also for appellant.

(1) Even if there was a misnomer of the corporation in the exemption act, it is unimportant. The identity of the corporation can be ascertained, and it is clearly indicated by the act. 1 Morawetz on Corporations, secs. 354, 355; *Ins. Co. v. Davenport*, 57 Mo. 239; *Schaeffer v. Brewery Co.*, 4 Mo. App. 115; *Haskell v. Selle*, 14 Mo. App. 91. (2) The special act of exemption created an irrepealable contract between the state and appellant. *Railroad v. Maguire*, 20 Wall. 136; *Bank v. Knoop*, 16 How. 369; *Home, etc., v. Rouse*, 8 Wall. 430; *Scotland Co. v. Railroad*, 65 Mo. 123. (3) The special act of exemption was not repealed by the constitutional provisions. Repeals by implication are not favored. *Railroad v. Maguire*, 53 Mo. 17; *Macon Co. Case*, 41 Mo. 453; *St. Louis v. Alexander*, 23 Mo. 482; *Smith v. Clark*, 54 Mo. 58; *St. Louis v. Ins. Co.*, 47 Mo. 147; *State v. Greer*, 78 Mo. 183; *State v. Grant*, 79 Mo. 113.

*Wilson Cramer* and *J. A. Snider* for respondent.

(1) There was a fatal misnomer and variance between the true legal name of the corporation, viz., "The President and Faculty of St. Vincent's College," and the designation of "St. Vincent's College," in the act of exemption. Laws, 1853, p. 569; 75 Mo. 382; 14 Mo. App. 91; 13 Mo. App. 579; 11 Mass. 138; 58 Ga. 280. (2) The property was not exempt from taxation

as claimed by plaintiff.   Const. 1865, art. 11, sec. 16;
G. S. 1865, p. 95, sec. 2; Const. 1875, art. 10, sec. 6;
Acts, 1883, p. 140.   The exemption act of 1853 and the
constitution of 1875 are irreconcilably inconsistent and
cannot stand together, and the former is repealed by
the latter.   *Railroad v. Cass Co.*, 53 Mo. 17; *State v.
Macon Co.*, 41 Mo. 453; *Fountain v. Everett*, 52 Mo.
57; *State ex rel. v. Draper*, 47 Mo. 29. (3) The
alleged contract in the exemption was without consid-
eration to support it.   *Hudson v. Busby*, 48 Mo. 35.

BLACK, J.—This is a suit to recover $159.87 on
account of taxes paid by the plaintiff to defendant as
collector of Cape Girardeau county, the taxes having
been paid under written protest.   The circuit court sus-
tained a demurrer to the petition, and from a judgment
thereon plaintiff appealed.

The legislature, by the act of February 27, 1853,
constituted certain persons and their associates a body
corporate by the name of "The President and Faculty
of St. Vincent's College."   The act gives to the corpor-
ation the right to acquire real and personal property by
purchase, gift or devise; provided, that the clear yearly
value of the real estate shall not exceed the sum of
$10,000.   The institution is to be established in the city
of Cape Girardeau, and, when so established, has con-
ferred upon it all the rights and privileges given by an
act incorporating St. Mary's College, in the county of
Perry.   Acts of 1842 & 3, p. 237.

The act of February 9, 1853, entitled, "An act to
exempt certain property from taxation," provides:

"*First*.   All the real estate and appurtenances now
belonging to the St. Vincent College and St. Vincent
Female Academy, in the county of Cape Girardeau, or
held by any other person in trust for the use of said
college or academy, be and the same is hereby exempt
from the payment of taxes for state or county purposes,

so long as the same, or the proceeds thereof, shall be used for or applied to educational purposes.

"*Second.* That six hundred and forty acres of land, and appurtenances, upon which St. Mary's seminary now stands, in Perry county, Missouri, be and the same is hereby exempt from the payment of taxes for state or county purposes, so long as the same shall be used and occupied as a seminary of learning.

"*Third.* That nothing contained in this act shall be so construed as to exempt from the payment of city taxes any property of the said college or academy that may be situated in the city of Cape Girardeau." Acts of 1853, p. 569.

The petition sets out these acts and it is then alleged that plaintiff was duly organized under the first act; that prior to the passage of the last act it owned certain real estate, and also certain lots in the city of Cape Girardeau; that the institution was located upon part of said lots; that plaintiff duly accepted the last-mentioned act and has complied with all of its terms and provisions; that the land and lots were assessed and taxes levied thereon for state and county purposes for the year 1886, in the sum of $159.87; that to pay the taxes so assessed the defendant as collector seized certain personal property of the plaintiff and was about to sell the same, when the plaintiff paid the taxes under written protest setting forth its right of exemption.

It is insisted, on the part of the plaintiff, that the provisions of the constitution of 1875, and section 6659, of the Revised Statutes, 1879 are prospective only in their operation, and are not in conflict with, and, therefore, do not repeal, the exemption contained in the above act of February 9, 1853; but for all the purposes of this case we shall assume that the present constitution and statutes are inconsistent with the exemption contained in that act, and that the exemption in favor of the plaintiff has been repealed, if the state had the power to repeal it.

The language of the act of 1853 is clear and free from ambiguity. It exempts the real and personal property then belonging to St. Vincent's College "from the payment of taxes for state or county purposes, so long as the same or the proceeds thereof, shall be used for or applied to educational purposes." There can be no doubt but the legislature had the power to pass the law, for such legislation was not then prohibited by any constitutional provision ; nor is it claimed by the defendant that the state reserved the right to repeal the exemption.

Acts like the one in question, exempting corporations from taxation, constitute contracts, and the state has no power to impair the obligations of such contracts, unless that right is reserved. The right of the legislature, unrestrained by constitutional prohibitions, to grant irrevocable exemptions from taxation is no longer an open question. *Mechanics' Bank v. City of Kansas*, 73 Mo. 555, and cases cited ; Cooley on Const. Lim. [5 Ed.] 340 ; *Home of the Friendless v. Rouse*, 8 Wall. 430 ; *Washington University v. Rouse*, 8 Wall. 439. In the case cited from 8 Wall. 430, the legislature of this state had created a corporation for the purpose of enabling female persons to establish a charitable institution for the relief of destitute and suffering females, and the act declared that all the property of the corporation should be exempt from taxation. It was held that the charter constituted a contract between the state and the corporators, and that the state could not tax the property of the corporation.

In answer to the objection made in that case, that there was no consideration expressed in the act, the court said : "There is no necessity of looking for the consideration for a legislative contract outside of the objects for which the corporation was created. These objects were deemed by the legislature to be beneficial to the community, and this benefit constitutes the

consideration for the contract, and no other is required to support it."

These observations meet like objections made in the present case. The legislature deemed the benefit to be derived from the application of the proceeds of the lands to educational purposes a good and sufficient consideration for the exemption. This act of 1853, therefore, amounts to a contract, and we must hold in conformity with the cases cited that the legislature had the right to, and did, contract away the power of the state to tax the property of this corporation ; for the demurrer admits that the plaintiff has and does continue to use the proceeds of the lands for educational purposes. The lands and lots were, therefore, exempt from taxation for state and county purposes.

It is insisted that the act of 1853 does not confer the immunity from taxation upon the plaintiff, because the plaintiff is not named therein. The original act of 1843 is entitled, " An act incorporating St. Vincent College," while in the body of the act the institution is incorporated by the name of " The President and Faculty of St. Vincent's College ;" and the exempting act speaks of all real estate, etc., belonging to the " St. Vincent College." The objection is too technical to deserve much consideration ; for there can be no doubt but the last act refers to the corporation created by the first one. The title of the first act is quite conclusive. The variance is immaterial, for the two names are substantially the same. *International Ins. Co. v. Davenport* 57 Mo. 289.

The objections to the petition are, therefore, not well taken, and the judgment is reversed and the cause remanded. The other judges concur.