SAMUEL PIPPIN *vs.* McMAHON BROTHERS, INCORPORATED, a corporation of the State of Delaware.

(*May* 4, 1925.)

PENNEWILL, C. J., RICE, HARRINGTON, RICHARDS and RODNEY, J. J., sitting.

*Reuben Satterthwaite, Jr.*, for plaintiff.

*Clarence A. Southerland* for defendant.

Court in Banc, New Castle County, January Term, 1925. No. 162, November Term, 1924.

PENNEWILL, C. J., delivering the opinion of the Court:

The material facts agreed upon set out in the case stated, are the following:

"McMahon Brothers, Incorporated," was incorporated under the laws of the State of Delaware in September, 1910, and the charter or certificate of the company was repealed by proclamation of the Governor of the State of Delaware for nonpayment of taxes in January, 1915; on December twenty-ninth, 1917, the last acting president and secretary of said company filed in the office

of the Secretary of State a certificate for the renewal and revival of said charter, pursuant to the provisions of *Chapter* 116, *Volume* 29, *Laws of Delaware*, and a duly certified copy of the certificate was afterwards recorded in the office for the recording of deeds, etc., in and for New Castle County; that said certificate stated that it was a certificate for the renewal and revival of the charter of "McMahon Bros., Inc.," and wherever the name of the corporation appears in the certificate, it appears as "McMahon Bros., Inc.," and in no place does the correct name of the company, "McMahon Brothers, Incorporated," appear.

It is contended by the plaintiff that the certificate for the renewal and revival of the charter of "McMahon Bros., Inc.," filed as aforesaid, does not comply with *Chapter* 116, *Volume* 29, *Laws of Delaware*, and is not sufficient to renew and revive the charter of "McMahon Brothers, Incorporated."

*Chapter* 116, *Volume* 29, *Laws of Delaware*, provides in part as follows:

"Such certificate shall set forth:
"1: The name of the corporation, which name shall be the same name it bore when the charter expired, except as otherwise provided in *Section* 2 of this act."

Section 2 is not material to the present case. It relates to a contingency in which another corporation has availed itself of the name of the coporation whose charter has expired.

The contention of the plaintiff is briefly and simply this: The name "McMahon Bros., Inc.," is not, within the meaning of the statute, the same name as "McMahon Brothers, Incorporated."

The action in which the case stated was filed is in covenant, and was brought to recover from the defendant the sum of two hundred dollars, with interest paid to the defendant as a deposit on a contract of sale of certain real estate by the defendant to the plaintiff. Recovery is sought on the ground that the defendant's title to the real estate is not a good marketable fee simple title, inasmuch as said real estate was owned by "McMahon Brothers, Incorporated," a corporation whose charter has expired, and not

by "McMahon Bros., Inc.," which in law is a different corporation.

The defendant contends: (1) that the revival proceedings are in all respects sufficient because they clearly refer to the original corporation, and the use of recognized abbreviations for two of the words of the name does not in any way affect the sufficiency of the revival proceeding; (2) that, even if the revival proceedings are defective by reason of the use of abbreviations, a corporation *de facto* resulted and the plaintiff cannot avail himself of the alleged defect of title in this action.

It is not denied that standard authority recognizes "Inc." as an abbreviation of the word "Incorporated."

And it is not disputed that "McMahon Bros., Inc.," is either the same corporation as the original or no corporation at all. Another or different corporation cannot be created in a renewal or revival proceeding.

Our General Incorporation Law recognizes the abbreviation of "Inc." for "Incorporated," in the requirement that the certificate of incorporation shall set forth the name of the corporation, which name shall contain one of several words including "Company" or "Incorporated," or one of the abbreviations, "Co." or "Inc."

 The purpose of the name is to identify the corporation, and prevent confusion of names. If the name used in the revival proceeding is sufficient to clearly and unmistakably identify the original corporation which it is sought to revive, it is, within the meaning of the law, the same name and the requirement of the statute is met.

There do not seem to be any authorities that are very helpful in determining the question before the Court, and the reason may be that the sameness of names like those in the present case is so obvious that there is no room for difference of opinion. In the absence of authority we take this to be a reasonable and correct construction of our statute.

 Where the only difference between the original name and the revival name consists in well recognized abbreviations, and the

discrepancy or difference in the words is not at all likely to cause any one to believe that a new corporation, or one different from the original is intended, the corporation named in the revival proceeding is the same as the one named in the original certificate. In other words, if, notwithstanding the difference in the words, a reasonable person would think the corporation named in the original certificate and the one named in the revival certificate was one and the same, there would be a compliance with the requirement of the statute in that behalf.

Manifestly the reason for the requirement that the corporate name in the revival proceeding shall be the same as in the original certificate of incorporation is to prevent uncertainty respecting the identity of the corporation revived.

The law does not permit the formation of two corporations with the same name, and therefore requires that the name shall be the same in the revival certificate as it is in the original certificate. In the case of the corporation in question the official, whose duty it was to pass upon the name, naturally treated the name in both certificates as the same notwithstanding the abbreviation, and we do not see that he could have done otherwise.

It is inconceivable that he would permit the filing of a certificate for the creation of a new corporation with the name of "McMahon Bros., Inc.," if there was another Delaware corporation in existence having the name of "McMahon Brothers, Incorporated."

Counsel on both sides concede that there are no authorities that are especially applicable to the present case.

There is, however, one case that should be particularly noticed, viz: *Com. v. American Co.*, 125 *Ky.* 350, 101 *S. W.* 364.

The purpose of the Kentucky statute was to give notice to persons dealing with incorporated companies of the fact that they are incorporated, and that, therefore, there is no individual liability. The statute requires that every corporation organized in the state shall, in its place of business, have painted or printed the corporate name of said corporation, and immediately under the name, in like manner, shall be printed or painted the name "Incorporated." The Court held that the use of the word "Inc." in

connection with the corporate name was not sufficient in view of the fact that the purpose of the statute was the protection of persons having business with the corporation.

Even if the reasoning of the opinion be approved, the case is distinguishable from the instant one. The Court did not hold that the abbreviated word was not the same as the full word, but that the abbreviation was not sufficient to give the public dealing with the corporation the notice and protection contemplated by the statute.

The following cases were also cited: *Cotton v. Mississippi & Rum River Boom Co.*, 22 *Minn.* 372; *Attorney General v. Chicago & Northwestern Ry. Co.*, 35 *Wis.* 425; *State of California v. Sierra Buttes Quartz Min. Co.*, 39 *Cal.* 511; *Seiberling v. Miller*, 207 *Ill.* 443, 69 *N. E.* 800; *Gordon v. Pintsch Gas Co.*, 178 *N. C.* 435, 100 *S. E.* 878; *Nazro v. Merchant's Mut. Ins. Co.*, 14 *Wis.* 295.

None of these cases can be considered directly in point, and if they have any bearing on the question before the Court it is rather remote.

In the St. Vincent College Case, 104 *Mo.* 261, 16 *S. W.* 395, the Court said:

"It is insisted that the act of 1853 [*Acts* 1852-53, *p.* 569], does not confer the immunity from taxation upon the plaintiff, because the plaintiff is not named therein. The original act of 1843 [*Acts* 1842-43, *p.* 237] is entitled, 'An act incorporating St. Vincent College,' while in the body of the act the institution is incorporated by the name of 'the President and Faculty of St. Vincent's College;' and the exempting act speaks of all real estate, etc., belonging to the 'St. Vincent College.' The objection is too technical to deserve much consideration; for there can be no doubt that the last act refers to the corporation created by the first one. The title of the first act is quite conclusive. The variance is immaterial, for the two names are substantially the same."

The doctrine of some of the cited cases is that, where a subsequent act of the Legislature refers to a corporation heretofore created by an erroneous name, the act will be given effect if it sufficiently appears that the same corporation was intended.

In the California Case a tax assessment was claimed to be illegal for the reason that the property was assessed in the name of "Sierra Buttes Quartz Company." and the correct name of the corporation was "Sierra Buttes Quartz Mining Company." The Court held the assessment valid.

The principle recognized in some of the cases is expressed in Fletcher on Corporations, *vol.* 2, § 742, as follows:

"But aside from such statutory provision, it is the general rule that misnomer will not invalidate a grant or conveyance to or by a corporation, or a contract with it if it appears therefrom, or can be established by parol evidence that the corporation claiming the benefit thereof or denying liability thereunder, as the case may be, was the corporation intended."

The principle recognized in the foregoing cases that may be regarded as applicable to the present one is this: Where it is clear that the corporation named is the corporation intended, or where because of similarity of name or description it cannot be regarded as another and different corporation, technical difference in name will not be permitted to defeat the purpose of the statute.

We think the name "McMahon Bros., Inc.," is the same name as "McMahon Brothers, Incorporated," within the meaning of the law; that the revival proceeding in question was, therefore, legal, and revived "McMahon Brothers, Incorporated," the original corporation.